**BRAFFORD, Appellant v. CALHOUN, Appellee.**

Ohio Appeals, First District, Butler County.

No. 858.   Decided May 3, 1943.

Wonnell & Brown, Hamilton, for appellant.
Millikin, Shotts & Reister, Hamilton, for appellee.

**OPINION**

BY THE COURT:

This is an action in replevin to recover possession of a pin-ball machine. In the petition the defendant is described as the Chief of Police of Hamilton, and it is alleged that while acting in that capacity he seized the pin-ball machine and had ever since detained it from the plaintiff. It is also alleged that the machine was licensed by the United States of America.

The defendant's answer was limited to denial that he wrongfully detained the machine from the plaintiff.

The evidence was limited to a description of the machine for the purpose, apparently, of proving that it was not a gambling device. The evidence proved that it was not such a device and the defendant testified that he had never seen it used as such.

The trial court found for the defendant on the theory that a pin-ball machine was a gambling device per se.

We have been cited to no municipal ordinance or state statute declaring a pin-ball machine to be a gambling device, or easily converted into one, or a nuisance or otherwise outlawing it, and authorizing its seizure and destruction by public officials.

The cases relied upon by the appellee are cases in which the device by reason of its construction or the use to which it had been put had been brought within the descriptive provisions of a statute or ordinance declaring such devices contraband and authorizing their destruction. Such cases do not apply here.

The right to possession follows ownership of all property capable of ownership. The record contains nothing to indicate that this machine is not a proper object of ownership.

The judgment is reversed and the cause remanded with instructions to enter judgment for the plaintiff.

ROSS, P. J., HILDEBRANT and MATTHEWS, JJ., concur.