HUTTER *v.* CITY OF WICKLIFFE.

(No. 82 CIV 1285—Decided June 3, 1983.)

Court of Common Pleas of Lake County.

*Mr. Carl G. McMahon,* for plaintiff.
*Mr. Charles K. Webster,* for defendant.

MITROVICH, J. This cause came on for consideration by the court on May 11, 1983, the court having heretofore ordered the city of Wickliffe to show cause why the property of plaintiff ought not to be returned to him. The defendant responds by brief and affidavit, representing that R.C. 4549.07 makes knowing possession of a vehicle with altered serial numbers unlawful. R.C. 2933.41, defendant points out, causes the loss of plaintiff's property rights.

On first blush, the difficulty presented in disposing of this case is that R.C. 4549.07 requires that the element of *"knowingly"* be proved. *"Knowingly"* means that the perpetrator has the requisite knowledge when under the circumstances the probability of knowledge exists. The difficulty the court has in determining the issue is that the plaintiff has not been accorded any forum for due process in the confiscation of his property. The Fifth Amendment to the United States Constitution states that a person shall not "* * * be deprived of life, liberty, or property, without due process of law; * * *.'' Apparently, no criminal charge has been made against the plaintiff regarding the possession of the "contraband." The plaintiff was charged with a moving violation which does not afford the plaintiff an opportunity to have the

issue of possession adjudicated. Nor has the vehicle been taken pursuant to any other warrant or process of the court.

Likewise, no civil proceedings have been afforded the plaintiff. The defendant, city of Wickliffe, argues that such proceedings are unnecessary before confiscation because under R.C. 2933.41 (C)(2) the nature of the property destroys or denies the plaintiff's property rights as the mere existence of the vehicle in its altered state is contrary to law.

The court does agree that the charging of the plaintiff may be a vain act, in light of R.C. 2933.28, if the plaintiff were to be found not guilty. The property's status still would not permit its return as its nature requires its destruction.

Therefore, this is not a case simply to establish title as the court first theorized, but one of whether the city, through its safety forces, may confiscate illegal vehicles without due process whenever and wherever found. The answer obviously is that the police may not do so. Plaintiff must be accorded due process. However, the police, as in the case *sub judice*, may confiscate any illegal property lawfully coming to their notice. The status of today's motor vehicles is such that the VIN (Vehicle Identification Number) and serial numbers can readily be viewed without search of the inner parts, and can be readily determined by exterior view. When observation is made by a law enforcement officer of the commission of a crime, he has a right and duty to confiscate the property and, if appropriate, arrest its possessor.

There may or may not be sufficient evidence to charge and convict the plaintiff of the crime of possession of a vehicle with concealed identity under R.C. 4549.07, as there is, in fact, the element of "knowingly" that must be proved. But the statute also creates an "illegal status" of the property, and not only may one not possess an item of illegal status, but the possessor loses all property rights in the item.

This is a civil action in replevin and, as such, the only issue before the court is whether the plaintiff has better title than anyone else to the property. *Son's Harley-Davidson* v. *Akron* (Feb. 27, 1980), Summit App. No. 9469, unreported, and *Son's Harley-Davidson* v. *Akron* (July 29, 1981), Summit App. No. 10146, unreported. Under this formulation of the law, the plaintiff may be a thief, but can have better title than anyone else, save the true owner. In the case at bar, if the facts of the matter are as contended by the defendant city, the plaintiff has no title or right to possess the property by operation of law.

Accordingly, the defendant city must prove under the dictates of R.C. 2933.41(C)(2) that the property is, in fact, illegal (or contraband), and that the property was lawfully seized.

The court is, therefore, of the opinion that the defendant city has established sufficient reason why the property should not be returned to the plaintiff. The court sets May 26, 1983 for hearing on the matters consistent with this opinion.

### Judgment Entry

The within cause came on for hearing before the court on May 26, 1983 upon plaintiff's complaint in replevin which sought recovery of the Harley-Davidson Motorcycle, Serial No. 2A00843H7.

The plaintiff properly established title and ownership of the vehicle. The defendant presented evidence to establish that the motorcycle had forged serial numbers as well as serial numbers altered by obliteration. The defendant, further relying upon R.C. 4549.07 and 2933.41(C)(2), contended the plaintiff had, by operation of law, lost title to the aforesaid vehicle.

The court finds that the motorcycle of plaintiff was lawfully seized by the defendant, and that the serial numbers on said motorcycle have been forged, altered or obliterated. The court further finds that by operation of R.C. 2933.41(C)(2) and

2933.28, the property is placed into an "illegal" status and may not be possessed by the plaintiff.

The court further finds the status of the property is not changed by the plaintiff's knowledge, or want thereof; the status prevents his possession of the property.

Wherefore, it is the order of this court that the plaintiff's complaint in replevin be and hereby is denied.

*Complaint denied.*