ROTHACKER, APPELLANT, *v.* CITY OF
LAKEWOOD, APPELLEE.

(No. 50598 — Decided May 27, 1986.)

*John F. Sands,* for appellant.

*Roger Tibbitts,* assistant law director, for appellee.

PARRINO, C.J.  On February 13, 1984, Paul A. Rothacker filed a complaint in replevin against the city of Lakewood seeking to recover various guns seized by the police in 1981. The city of Lakewood responded on March 2, 1984, maintaining, *inter alia,* that Rothacker could not lawfully possess the guns because he was a chronic alcoholic and thus under a disability pursuant to R.C. 2923.13(A)(4).

An evidentiary hearing took place on June 18, 1985. In a judgment entry filed with the Lakewood Clerk of Courts on June 24, 1985, the trial court held as follows:

"Plaintiff's action for replevin is denied.  Revised Code § 2923.13 provides as follows:

" '(A)  Unless relieved from disability as provided in section 2923.14 of the Revised Code, no person shall knowingly acquire, have, carry, or use any firearm * * *, if any of the following apply:
" '* * *

" '(4)  Such person * * * is a chronic alcoholic * * *.'

"Revised Code § 2933.41(C) provides that:

" 'A person loses any right he may have to possession of property if either of the following apply:
" '* * *

" '(2)  When a court determines that the property should be forfeited because, in light of the nature of the property or the circumstances of such person, it is unlawful for him to acquire or possess the property.'

"Accordingly, the Court finds that plaintiff Rothacker is not entitled to the return of the guns that are in the possession of the City of Lakewood."

Rothacker filed a timely appeal from the trial court's judgment.

I

The appellant raises a single issue on appeal. He argues that R.C. 2923.14 is unconstitutional as applied to him because it does not provide for relief from disability for a reformed chronic alcoholic. We disagree.

First, it must be noted that R.C. 2923.14 has no application in the instant case. R.C. 2923.14 provides relief from a previously determined disability. In the instant case, the appellant had not been previously *adjudicated* to be under a disability.

Second, the appellant has characterized himself as a reformed chronic alcoholic. However, there is no evidence in the record to support his contention that he has reformed. In fact, implicit in the trial court's judgment is a finding that Rothacker was, as of the date of judgment, a chronic alcoholic.

The trial court's determination was based on an evidentiary hearing conducted on June 18, 1985. The appellant has failed to provide this court with a transcript of that proceeding. In the absence of a transcript, this court must presume that the trial court's determination was proper. *In re Sublett* (1959), 169 Ohio St. 19, 7 O.O. 2d 487, 157 N.E. 2d 324.

In light of these facts, we must con-

clude that R.C. 2923.14 is not applicable to the appellant and, thus, could not be unconstitutional *as applied.*

Finally, even assuming R.C. 2923.14 was applicable in the case at bar, appellant's argument that the statute is unconstitutional because it does not provide for relief from disability for a chronic alcoholic is without merit. R.C. 2923.13 provides in part:

"(A)   * * * no person shall knowingly acquire, have, carry, or use any firearm or dangerous ordnance, if * * *

"* * *

"(4)   Such person *is* * * * a chronic alcoholic; * * *."[1] (Emphasis added.)

The disability is stated in the present tense. In other words, the disability only exists during the time in which the person is a chronic alcoholic. A separate statute providing relief from such a disability is not necessary because at the moment the individual ceases to be a chronic alcoholic he is no longer under a disability. A separate statute would only be necessary if the disability existed for a person who *had ever been adjudicated* a chronic alcoholic. Under such a statute, the disability would continue to exist even if the individual had reformed. Therefore, if the appellant would have been able to prove at the time of the hearing that he was not then a chronic alcoholic, the trial court would have had the authority to order the return of the guns. As noted earlier, however, the trial court determined that Rothacker was a chronic alcoholic as of the date of the judgment and, thus, properly refused to order the return of the guns. See R.C. 2933.41(C).

II

The trial court's judgment is affirmed.

*Judgment affirmed.*

JACKSON and CORRIGAN, JJ., concur.

---

[1] In *Mosher* v. *Dayton* (1976), 48 Ohio St. 2d 243, 2 O.O. 3d 412, 358 N.E. 2d 540, the Supreme Court of Ohio held that a Dayton city ordinance which had incorporated R.C. 2923.13 was a valid exercise of the city's police power and, therefore, constitutional.