IN RE FORFEITURE OF 1980
FRUEHAUF FORTY-FOOT
FLATBED TRAILER.

(No. L-87-262—Decided
June 10, 1988.)

*Eric W. Slack,* assistant prosecuting attorney, for appellee.

*Roger K. Zimmerman,* for appellant.

*Per Curiam.* This cause is before the court on appeal from a judgment of the Lucas County Court of Common Pleas wherein that court found that a 1980 Fruehauf forty-foot flatbed trailer was "contraband" as defined in R.C. 2901.01(M). The basis for this finding was the court's conclusion that the owner of the trailer used or intended to use the trailer in the commission of an offense, to wit, concealed identity, in violation of R.C. 4549.62. Therefore, the court ordered the property forfeited to the Ohio State Highway Patrol.

Appellant, Charles E. Stoneking, has timely appealed and asserts the following assignments of error:

"1. The State Highway Patrol lacked probable cause to stop and detain said trailer as to violate defendant's constitutional right of due process of law.

"2. The verdict is against the manifest weight of the Ohio Revised Code Section 4549.62."

Addressing appellant's first assignment of error, appellant contends that probable cause was necessary to stop and detain the trailer.

This forfeiture action was of a civil nature. "* * * [W]here the proceeding does not involve the personal conviction of the wrongdoer for the offense charged, the remedy [of a forfeiture judgment] is plainly one of a civil nature." (Footnote omitted.) 50 Ohio Jurisprudence 3d (1984) 262, Forfeitures and Penalties, Section 10. Probable cause is a doctrine of criminal law and, thus, is not applicable here.

Due process must be accorded to a person whose property is the subject of a forfeiture proceeding, but:

"* * * police * * * may confiscate any illegal property lawfully coming to their notice. The status of today's motor vehicles is such that the VIN (Vehicle Identification Number) and serial numbers can readily be viewed without search of the inner parts, and can be readily determined by exterior view. When observation is made by a law enforcement officer of the commission of a crime, he has a right and duty to confiscate the property and, if appropriate, arrest its possessor." *Hutter* v. *Wickliffe* (1983), 7 Ohio Misc. 2d 21, 22, 7 OBR 121, 122, 454 N.E. 2d 601, 603.

Ohio State Highway Patrolmen have authority to conduct motor vehicle inspections. No probable cause is

needed to stop a vehicle for such a purpose.

In this particular case, the patrolman observed that the flatbed trailer, exiting I-475 at U.S. 20, had no manufacturer markings; in addition, the patrolman did not see a serial plate on the vehicle. Thus, the trailer was properly detained.

Accordingly, appellant's first assignment of error is found not well-taken.

In his second assignment of error, appellant contends that the verdict is not supported by evidence going to each element of R.C. 4549.62.

As stated in *C.E. Morris Co.* v. *Foley Constr. Co.* (1978), 54 Ohio St. 2d 279, 8 O.O. 3d 261, 376 N.E. 2d 578, at the syllabus:

"Judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence."

R.C. 4549.62 provides, in pertinent part:

"(D)(1) No person shall buy, offer to buy, sell, offer to sell, receive, dispose of, conceal, or, except as provided in division (D)(4) of this section, possess any vehicle or vehicle part with knowledge that the vehicle identification number or a derivative thereof has been removed, defaced, covered, altered, or destroyed in such a manner that the identity of the vehicle or part cannot be determined by a visual examination of the number at the site where the manufacturer placed the number.

"(2)(a) A vehicle or vehicle part from which the vehicle identification number or a derivative thereof has been so removed, defaced, covered, altered, or destroyed shall be seized and forfeited under section 2933.41 of the Revised Code unless division (D)(3) or

(4) of this section applies to the vehicle or part. * * *"

Division (D)(4) of R.C. 4549.62 provides, in pertinent part:

"(4)(a) Divisions (D)(1) and (2) of this section do not apply to the possession of an owner, or the owner's insurer, who provides satisfactory evidence of *all* of the following:

"(i) That the vehicle identification number or derivative thereof on the vehicle or part has been removed, defaced, covered, altered, or destroyed, after the owner acquired such possession, by another person without the consent of the owner, by accident or other casualty not due to the owner's purpose to conceal or destroy the identity of the vehicle or vehicle part, or by ordinary wear and tear;

"(ii) That the person is the owner of the vehicle as shown on a valid certificate of title issued by this state or certificate of title or other lawful evidence of title issued in another state, in a clear chain of title beginning with the manufacturer;

"(iii) That the original identity of the vehicle can be established in a manner that excludes any reasonable probability that the vehicle has been stolen from another person." (Emphasis added.)

R.C. 4549.62(D)(4)(a)(i), (ii) and (iii) are in the conjunctive not the disjunctive and thus appellant does not fall under this exception because he did not provide satisfactory evidence of all of the above requirements.

During the hearing, evidence was produced showing that the title and invoice documents and the public serial plate on the vehicle revealed a questionable chain of title. The seized trailer was marked with serial number FWG555 905, which, according to manufacturer records, was the number for a 1966 model year Fruehauf flatbed trailer thirty-eight feet in length. This trailer which was seized on March 19,

70

1987, however, had characteristics of a type manufactured in 1980 and was forty feet in length. Further, the public serial number was stamped on with dies of a different size than that normally used by the manufacturer. There were signs that another number had been ground off the metal. There were grind marks and dips which could be felt in the metal. Acid restoration was attempted on the ground-away numbers, but only the number "1" could be produced with this technique.

Appellant contends that no evidence was produced of proof of knowledge on his part of any problem with the VIN numbers on the trailer. Yet, there is evidence that the trailer had been stopped by an Ohio State Highway Patrolman previously on October 3, 1986, and that the defect violation written on the motor vehicle inspection report stated "contact Fruehauf manufacturer for vehicle identification plate." Vehicle inspection reports clearly state that defects must be corrected and the form returned within seventy-two hours. Such defect had not been remedied. Knowledge can be inferred from circumstances. Thus, appellant did have knowledge and/or notice that there were problems with the VIN number.

There was sufficient, competent, credible evidence going to all the essential elements of the case. Therefore, this court will not reverse the judgment of the trial court as being against the manifest weight of the evidence.

Accordingly, appellant's second assignment of error is found not well-taken.

On consideration whereof, this court finds substantial justice has been done the party complaining, and the judgment of the Lucas County Court of Common Pleas is affirmed. It is ordered that appellant pay the court costs of this appeal.

*Judgment affirmed.*

RESNICK, P.J., and GLASSER, J., concur.

CONNORS, J., concurs in judgment only.