BERNAD, Appellant,

v.

CITY OF LAKEWOOD, Appellee.

[Cite as *Bernad v. Lakewood* (2000), 140 Ohio App.3d 350.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 75684.

Decided June 15, 2000.

*Randall C. Oliver,* for appellant.

*Kevin M. Spellacy,* Director of Law, *Sara J. Fagnilli* and *Jennifer L. Swallow,* Assistant Directors of Law, for appellee.

---

TERRENCE O'DONNELL, Presiding Judge.

In this appeal, G.S. Bernad challenges the order of the Lakewood Municipal Court that denied his complaint for replevin of twenty-nine firearms that he had voluntarily relinquished to the Lakewood Police Department. Bernad admits that at the time the police took the weapons he had been under a legal disability due to a felony conviction for carrying a concealed weapon. However, he submits that, at the time he filed the replevin action seeking return of those weapons, the Cuyahoga County Common Pleas Court had relieved him of that disability, and, thus, he asserts his entitlement to the immediate right to possession of them. We agree, and, therefore, we reverse the judgment of the Lakewood Municipal Court.

The relevant facts in the case before us have been stipulated by the parties and are not disputed. The history reveals that in 1991, Bernad had been convicted of petty theft and carrying a concealed weapon. Subsequent to those convictions, on August 2, 1996, Bernad filed a petition with the common pleas court to expunge his felony conviction.

More recently, on June 7, 1997, Bernad's son, Peter, reported domestic violence charges against his father, and, as a result, the Lakewood police arrested him.

However, when his son later admitted he had fabricated the charges, they were dismissed. Three days later, Lakewood police and Alcohol, Tobacco, and Fire-arms agents responded to anonymous calls regarding weapons at Bernad's home, investigated, and discovered an antique gun collection that Bernad had inherited from his father. After learning of Bernad's prior felony conviction, the police removed the gun collection with Bernad's consent; no criminal charges were ever filed, however, against Bernad, and the police have since retained custody of that gun collection.

On December 29, 1997, the Cuyahoga County Common Pleas Court granted Bernad's motion for expungement and sealed his record of conviction.

On February 13, 1998, Bernad filed this replevin action in the Lakewood Municipal Court to recover his gun collection from the police, asserting that he consented to removal of the property with the understanding it would be held in storage until any possible issue of his disability had been resolved. Having been relieved of the disability, Bernad maintains that the property is now wrongfully held. The trial court denied relief, and this appeal followed. Bernad raises seven assignments of error for our review:

I

"The lower court erred by denying plaintiff's petition for replevin for return of the gun collection to plaintiff in that the court's judgment of November 12, 1998, vol 98 page 1112, was manifestly against the weight of the evidence as submitted by the parties on stipulation."

II

"The lower court's judgment entry reflected plain error in its reading of the facts as agreed to by the parties in the stipulation submitted to the court."

III

"The lower court has violated due process standards by summarily concluding that the plaintiff was engaged in criminal activity, even though the record clearly reflects that the police officers determined that under the circumstances no arrest was to be made, no charges were to be filed."

IV

"The lower court erred in its judgment that the plaintiff has failed to meet his burden of proof."

## V

"The language of the lower court's judgment [relects] a prejudice against the plaintiff that is unjustified by any reasonable readings of the stipulations."

## VI

"The lower court's judgment unconstitutionally deprives the plaintiff of property with out [*sic*] due process of law."

## VII

"The court has erred by failing to take into account and failing to address in its judgment that upon the plaintiff's filing for replevin of this property any question of disability had been removed by plaintiff's expungement of his prior felony conviction and therefore the property which is a valuable asset of his deceased father's estate should be returned."

Bernad argues on appeal that he is entitled to the return of property seized by the police because he is no longer under any legal disability and may now lawfully possess weapons. The city maintains that at the time the police discovered the gun collection in his home, Bernad had a felony conviction for carrying a concealed weapon, and, therefore, by statute, was under a legal disability and could not possess a weapon. Thus, the city urges that the weapon collection had been lawfully removed from Bernad's custody. No challenge can successfully be made as to the propriety of the police action in confiscating those weapons; but the propriety of the removal of the weapons is not the issue before our court on this appeal. Rather, the issue before our court today concerns Bernad's writ of replevin, which singularly tests which party has immediate right to possession of the property in question.

Before considering the matter of the writ of replevin, however, we examine the import of the action of the trial court in granting Bernad the relief from the disability.

In an analogous case, *State ex rel. Gains v. Rossi* (1999), 86 Ohio St.3d 620, 716 N.E.2d 204, the court considered a writ of *quo warranto* that had been filed to remove Rossi from the office of councilman because he had been convicted of a federal felony offense, attempted tax evasion. R.C. 2961.01 as, in effect at that time, provided in part:

"A person convicted of a felony under the laws of this or any other state or the United States, unless his conviction is reversed or annulled, is incompetent to be an elector or juror, or to hold an office of honor, trust, or profit."

During the pendency of the matter in the court of appeals, the common pleas court granted Rossi's application to seal the record of conviction and expunged his record.

The Supreme Court, in affirming the court of appeals, denied the writ to remove Rossi, and stated at 623–624, 716 N.E.2d at 208:

" * * * Here, Ohio has created a general disability resulting from a federal felony conviction under R.C. 2961.01 and has provided a means to remove that general disability in the expungement statutes. The result does not violate the Supremacy Clause."

In its opinion the court noted at 622, 716 N.E.2d at 207:

"The R.C. 2953.32(C)(2) order to seal the record of a person's conviction *'restores the person* who is the subject of the order *to all rights and privileges and otherwise restored by termination of sentence or probation or by final release on parole.'* (Emphasis added.) R.C. 2953.33(A).

"Under the applicable rule of statutory construction, all statutes relating to the same general subject matter must be read *in pari materia.* * * * Further; in interpreting related and co-existing statutes, we must harmonize and accord full application to each of these statutes unless they are irreconcilable and in hopeless conflict. * * * In addition, the remedial expungement provisions of R.C. 2953.32 and 2953.33 must be liberally construed to promote their purposes." (Citations omitted.)

Thus, in that case, the court recognized the impact of relief from a disability.

■ In *State ex rel. Jividen v. Toledo Police Dept.* (1996), 112 Ohio App.3d 458, 679 N.E.2d 34, the court articulated the import of a writ of replevin:

" * * * A writ of replevin enforces a legal right of immediate possession of specific property, which is granted to one who has a right to that immediate possession against another who is holding the property wrongfully or unlawfully." (Citations omitted.) 112 Ohio App.3d at 459, 679 N.E.2d at 35. See, also, *Walther v. Central Trust Co., N.A.* (1990), 70 Ohio App.3d 26, 590 N.E.2d 375.

Further in *Rothacker v. Lakewood* (1986), 30 Ohio App.3d 33, 30 OBR 72, 505 N.E.2d 1019, this court confronted a gun-seizure issue in connection with an individual under a legal disability due to chronic alcoholism. We stated at 34, 30 OBR at 73, 505 N.E.2d at 1021:

" * * * Therefore, if the appellant would have been able to prove at the time of the hearing that he was not then a chronic alcoholic, the trial court would have had the authority to order the return of the guns. As noted earlier, however, the trial court determined that Rothacker was a chronic alcoholic as of the date of the judgment and, thus, properly refused to order the return of the guns."

██ Our review here then is confined to a determination of which party has the immediate right to possession of the twenty-nine-piece antique gun collection that Bernad inherited from his father. The evidence here presents us with a purportedly lawful and proper seizure of weapons by the police at the time they discovered them in Bernad's home, contrasted with Bernad's current claim that the law does not presently preclude his possession of this property.

██ Since replevin tests the immediate right to possession of property, the law cannot look to prior activity or conduct of any party in determining that immediate right. Bernad is thus entitled to the property because at the time he filed his writ of replevin, he established that his legal disability had been removed. He has, therefore, established an immediate right to the antique gun collection and is entitled to return of his property. Accordingly, the judgment of the Lakewood Municipal Court is reversed.

The writ is allowed.

*Judgment accordingly.*

DIANE KARPINSKI, J., concurs.

JOHN T. PATTON, J., dissents.

KARPINSKI, Judge, concurring.

I concur with the majority opinion, but write separately to address two issues not discussed.

The city did not timely request a judicial determination of the status of the firearms after taking them. Forfeitures are disfavored in the law. The government should not simply take and keep a citizen's property without a judicial determination concerning the rights to that property. Under the circumstances, because there had been no judicial determination concerning the status of the weapons, Bernad established his lawful right to replevin.

The expungement statutes are remedial and our obligation is to construe and apply them liberally. Upon inheriting the collection, Bernad filed for an expungement. His request was pending for more than a year, but was not granted until after the property had already been taken. Once the expungement was granted, the proceedings giving rise to his disability—and the sole reason for taking the items in this case—must "be deemed not to have occurred." R.C. 2953.54(A).

Because the city did not follow the proper procedure for forfeiture and because we must liberally apply the expungement statute as if the disability never occurred, I must conclude Bernad had a right to the firearms.

JOHN T. PATTON, Judge, dissenting.

I respectfully dissent from the majority opinion based on the majority's holding that a complaint in replevin restores a person's right to possess or own property lawfully confiscated from a person under a legal disability.

The facts show Lakewood Police lawfully confiscated twenty-nine guns from Bernad's home based on Bernad's admission that he was under a legal disability and was prohibited from possessing firearms.

R.C. 2933.41(C) sets forth a two-pronged test to determine if a person loses ownership or possession of confiscated property:

"A person loses any right that the person may have to the possession of property if any of the following applies:

"(1) The property was the subject, or was used in a conspiracy or attempt to commit, or in the commission, of an offense other than a traffic offense, and such person is a conspirator, accomplice, or offender with respect to the offense:

"(2) A court determines that the property should be forfeited because, in light of the nature of the property or the circumstances of the person, it is unlawful for him to acquire or possess the property." 146 Ohio Laws, Part VI, 11118, 11153, 11155.

The facts of the instant case as applied to the above statute, demonstrate Bernad qualifies under both prongs as he lost possession of his guns as soon as the guns were legally confiscated. First, Bernad was in unlawful possession of firearms because of a legal disability he was under based on a prior felony conviction for carrying a concealed weapon. Thus, Bernad was an offender because he violated R.C. 2923.13, having weapons while under disability, and the guns were "the subject" of an offense. Second, since Bernad was legally unable to possess the firearms, his circumstances dictated that he lost the right to possess the firearms. See *Chagrin Falls v. Loveman* (1986), 34 Ohio App.3d 212, 217, 517 N.E.2d 1005, 1010–1011, citing *Dayton v. Boddie* (1984), 19 Ohio App.3d 210, 211, 19 OBR 354, 355–356, 484 N.E.2d 171, 172–173 (circumstances include a person under a firearm restriction or a person under some sort of legal disability).

According to Black's Law Dictionary (5 Ed.1979), at 1047, "possession" is defined as: "The detention and control, or the manual or ideal custody, of anything which may be the subject of property, for one's use and enjoyment, either as owner or as the proprietor of a qualified right in it, and either held personally or by another who exercises it in one's place and name. * * *" Possession includes the ownership of property. *Brafford v. Calhoun* (1943), 72 Ohio App. 333, 27 O.O. 257, 51 N.E.2d 920 ("[T]he right to possession follows ownership of all property capable of ownership").

Applying the above analysis to the instant case, it is clear that at the moment the city of Lakewood lawfully confiscated the twenty-nine guns Bernad had in his possession while under a disability, he lost his right to possess or own those guns.

The majority states Bernad is entitled to the guns "because at the time he filed his writ of replevin, he established that his legal disability had been removed." Therefore, he "established an immediate right to the antique gun collection, and is entitled to return of his property." The majority, without citing any legal authority in support, equates the dismissal of a disability with re-establishing an immediate right to possession or ownership of earlier-confiscated property. However, a possessor's right to property, where such property has been legally confiscated because the possessor was under a legal disability, is not restored merely because the possessor's disability is later removed. The scenario, established by the majority, creates a convoluted conundrum whereby ownership of contraband legally seized by the government may at some speculative time in the future have to be returned to its criminal owner.

I submit that the possessory or ownership interest in property does not shift based on the legal status of the person who has been lawfully dispossessed of such property. As shown above, a person is divested of the right to possess or own lawfully confiscated property when that person violates R.C. 2933.41(C), as Bernad did by possessing firearms while under a disability. Merely because that person subsequently has restored a right to possess similar property does not mean he is entitled to possess or own the earlier-confiscated property. The majority is correct in stating a person who has had his disability removed may subsequently possess similar property, such as a gun collection, that he was formerly prohibited from possessing. However, the majority's reasoning is flawed when it holds that the restored right to possession applies to previously confiscated property. A change in status from a disabled to a non-disabled person does not restore the person's right to repossess the legally confiscated property. Once confiscated, the property owner loses the right to repossess or own the property and a complaint in replevin cannot restore this lost right. *Ethiopian Zion Coptic Church v. Miami Beach* (Fla.App.1979), 376 So.2d 925; *Hutter v. Wickliffe* (1983), 7 Ohio Misc.2d 21, 7 OBR 121, 454 N.E.2d 601.