JOURNAL ENTRY AND OPINION
{¶ 1} Appellant, Robert Carpenter ("appellant"), appeals the decision of the Cleveland Municipal Court which denied appellant's motion for release of property; namely, appellant's eight firearms. For the foregoing reasons, we affirm the decision of the municipal court.
 {¶ 2} On December 26, 2001, police responded to a domestic violence phone call at the home of appellant and his ex-wife, Cynthia Carpenter ("Ms. Carpenter"). Although appellant and Ms. Carpenter had been divorced for five years, they still co-habitated. Appellant punched Ms. Carpenter in the mouth when she went to pick up their baby. The punch was so hard that it knocked Ms. Carpenter to the ground. Ms. Carpenter called the police when appellant threatened to kill her. When the police arrived, Ms. Carpenter was bleeding from her mouth and she was clearly shaken and scared. According to Ms. Carpenter, appellant has, in the past, put a gun to their baby's head and threatened to shoot and kill him. Ms. Carpenter also told police that appellant "is always threatening to kill and harm her."
 {¶ 3} The police took appellant into custody and charged him with domestic violence under R.C. 2919.25, a misdemeanor of the first degree. In addition, the police seized eight firearms from the home after responding to the domestic violence call. On March 26, 2002, appellant pled no contest to misdemeanor assault under Cleveland Codified Ordinance 621.03 and was found guilty.
 {¶ 4} Subsequently, appellant filed his motion for release of property requesting that the municipal court order that his eight firearms be returned to him. The city opposed the motion and on February 20, 2003, the municipal court denied appellant's motion.
 {¶ 5} Appellant's sole assignment of error contends that the municipal court erred in denying appellant's motion to return his eight firearms. Appellant's contention is without merit.
 {¶ 6} Appellant was found guilty of assault. Assault, a misdemeanor of the first degree, includes knowingly causing or attempting to cause physical harm to another. R.C. 2903.13. Here, appellant knowingly caused physical harm to Ms. Carpenter by punching her in the mouth, causing her to bleed. Likewise, Ms. Carpenter reported that the appellant attempted to cause physical harm when he threatened to kill her and attempted to cause physical harm to their baby when he threatened to shoot and kill him.
 {¶ 7} Cleveland Codified Ordinances 627.11, Seizure and Confiscation of Deadly Weapons, provides in pertinent part:
 {¶ 8} "(a) In any situation where a deadly weapon is present and a person has been drinking or disturbing the peace, threatening bodily harm
or causing or threatening a disturbance of violence, and there is a reasonable cause for the investigating police officer to believe that such deadly weapon may be used to cause bodily harm, such deadly weapon may be seized by the police and kept in custody of the Chief of Police until released by an order of a court of competent jurisdiction.
 {¶ 9} "(b) Any deadly weapon seized by an officer upon the arrest of any person, firm or corporation charged with a violation of any of the provisions of this chapter, or any felony or misdemeanor involving the use of a deadly weapon or the use of force or violence or the threat of forceor violence against the person of another, shall be confiscated by the Division of Police for disposal.
 {¶ 10} "* * *"
 {¶ 11} In its memorandum of law, the municipal court found the city's initial retention of appellant's firearms was lawful because Ms. Carpenter's statements to the police made soon after appellant punched her in the mouth, coupled with the observations of the police and subsequent arrest of appellant, were evidence that appellant used" force or violence or the threat of force or violence" against Ms. Carpenter. We agree and find that the city's retention of the firearms was in conformance with and pursuant to Cleveland Codified Ordinances 627.11(b).
 {¶ 12} As correctly pointed out by the municipal court, the inquiry does not end, however, by determining that the firearms were lawfully retained at the time of arrest. The question is whether the firearms should now be returned to appellant. The municipal court answered that query in the negative, citing federal law as its basis.
 {¶ 13} First, Section 922(g), Title 18, U.S. Code prohibits certain convicts from receipt or possession of a firearm, providing:
 {¶ 14} "It shall be unlawful for any person
 {¶ 15} "* * *
 {¶ 16} "(9) who has been convicted in any court of a misdemeanor crime of domestic violence, to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce."
 {¶ 17} A "misdemeanor crime of domestic violence" is defined in Section 921(a)(33), Title 18, U.S. Code as:
 {¶ 18} "(A) Except as provided in subparagraph (C), the term `misdemeanor crime of domestic violence' means an offense that
 {¶ 19} "(i) is a misdemeanor under Federal or State law; and
 {¶ 20} "(ii) has, as an element, the use or attempted use of physical force, or the threatened use of a deadly weapon, committed by a current or former spouse, parent, or guardian of the victim, by a person with whom the victim shares a child in common, by a person who is cohabiting with or has cohabited with the victim as a spouse, parent, or guardian, or by a person similarly situated to a spouse, parent, or guardian of the victim."
 {¶ 21} Here, appellant was originally charged with domestic violence, but that charge was later amended to — and appellant was found guilty of — assault. Appellant's conviction for assault, a first degree misdemeanor, satisfies the first prong of the definition of "misdemeanor crime of domestic violence" pursuant to Section 921(a)(33)(A)(I), Title 18, U.S.Code.
 {¶ 22} Courts have interpreted the second prong of Section 921(a)(33)(A), Title 18, U.S. Code to be satisfied if the underlying statute for which the misdemeanant was convicted includes as an element the use or attempted use of physical force or the threatened use of a deadly weapon. Cleveland v. Cleveland Police Patrolman's Assn. (May 11, 2000), Cuyahoga App. 76181. However, the underlying statute need not include as an element a domestic relationship between the misdemeanant and victim to satisfy Section 921(a)(33)(A)(ii). Id. at *8-9; see, also,United States v. Chavez (C.A. 11, 2000), 204 F.3d 1305; United States v.Meade (C.A. 1, 1999), 175 F.3d 215, 218-22; United States v. Smith (C.A. 8, 1999), 171 F.3d 617, 620 (to constitute misdemeanor of domestic violence, statute underlying conviction must include as an element the use or attempted use of physical force or the threatened use of a deadly weapon, but need not include domestic relationship among misdemeanant and victim). On strikingly similar facts to the instant case, the Summit County Court of Appeals held in State v. Majka, Summit App. No. 20587,2002-Ohio-1378, that the Akron police department lawfully seized and disposed of the misdemeanant's firearms after he was originally charged with domestic violence, but pled guilty to and was convicted of the reduced charge of disorderly conduct in violation of Hudson Codified Ordinances 648.04. The underlying ordinance for which Majka was convicted provides as follows:
 {¶ 23} "No person shall recklessly cause inconvenience, annoyance or alarm to another, by doing any of the following:
 {¶ 24} "Engaging in fighting, in threatening harm to persons or property, or in violent or turbulent behavior[.]" Majka, 2002-Ohio-1378.
 {¶ 25} The Majka court held that because the victim was Majka's spouse, against whom Majka engaged in fighting or threatened physical harm, the court considered Majka's conviction for disorderly conduct to be a "misdemeanor crime of domestic violence" and that Majka was legally prohibited from possessing any firearm. Id.
 {¶ 26} Here, appellant was convicted of assault pursuant to R.C.2903.13 which, like the ordinance in Majka, does not include as an element that there be a domestic relationship between the misdemeanant and the victim, but does include the element of physical harm to another and is considered an "offense of violence." R.C. 2901.01(A)(9)(a). As correctly noted by the municipal court in its memorandum of law, other courts have held that state misdemeanor crimes of violence, such as simple assault need not have a domestic relationship element in order to disqualify a misdemeanant from possessing firearms. White v. Dept. ofJustice (C.A.Fed., 2003), 328 F.3d 1361, 1367; Meade, 175 F.3d at 218-219
(holding that the defendant's state misdemeanor conviction under a general assault and battery statute, for assaulting his spouse is a "misdemeanor crime of domestic violence"); Smith, 171 F.3d at 620
(holding that "while § 921(a)(33) requires proof of a domestic relationship, it only requires the predicate misdemeanor to have one element: the use or attempted use of physical force" and therefore that conviction under an Iowa misdemeanor simple assault statute for the defendant's assault of the mother of his child constituted a "misdemeanor crime of domestic violence").[1]
 {¶ 27} Appellant's reliance on Walton Hills v. Asta (Aug. 24, 2000), Cuyahoga App. No. 77361, and Bernad v. Lakewood (2000),140 Ohio App.3d 350, 747 N.E.2d 838, is misplaced. In Asta, the police seized eight firearms from the misdemeanant, who was originally charged with menacing after he threatened to shoot his estranged wife, but later pled guilty to disorderly conduct. Unlike the instant case, the trial court in Asta held that the firearms be retained by the police until the misdemeanant and his wife separated. Later, the misdemeanant and his wife reconciled and the misdemeanant requested the trial court to return his firearms to him. Unlike the instant case, the misdemeanant's wife inAsta filed an affidavit in support of the misdemeanant's motion for return of his firearms. Also, unlike the instant case, the Village of Walton Hills in Asta did not oppose the misdemeanant's motion. Although the trial court denied the misdemeanant's motion, this court reversed and held that, based on the facts in Asta (which are dissimilar to the instant case) the time for retaining and holding the misdemeanant's firearms for safekeeping had lapsed. Here, unlike Asta, the municipal court did not issue an order requiring that the firearms be retained by the police until the parties were separated. Appellant and Ms. Carpenter are still divorced, have not reconciled, and are no longer cohabitating. Ms. Carpenter did not submit an affidavit in support of appellant's motion for return of his firearms and the city opposed appellant's motion. Asta, therefore, is distinguishable.
 {¶ 28} Appellant's reliance upon Bernad is also distinguishable. InBernad, defendant-appellant was convicted in 1991 of petty theft and carrying a concealed weapon. In 1996, defendant-appellant asked the trial court to expunge his felony conviction. In June 1997, defendant-appellant's son reported domestic violence charges against him, but later admitted that those charges were fabricated. A few days later, the Lakewood police and agents from the Bureau of Alcohol, Tobacco, and Firearms went to defendant-appellant's home in response to anonymous reports that the defendant-appellant stored firearms there. After learning of defendant-appellant's felony conviction, they seized his firearms. However, in December 1997, the trial court granted defendant-appellant's request to expunge his felony conviction and sealed his record. Having no legal disability, defendant-appellant requested the trial court to return his firearms, which the trial court denied. This court reversed the trial court, holding that since the defendant-appellant had no legal disability precluding him from possessing the firearms, he had a right to immediate possession of them.Bernad, 140 Ohio App.3d at 351-352.
 {¶ 29} Here, unlike Bernad, the city has a legal basis to withhold appellant's firearms; that is, appellant was convicted of assault, which constitutes a misdemeanor crime of violence pursuant to Section 922(g), Title 18, U.S. Code and precludes appellant's right to possess any firearms. Bernad is simply inapplicable.
 {¶ 30} Because appellant's conviction for assault constitutes a misdemeanor crime of violence, the municipal court did not err in denying appellant's request for return of his firearms.
 {¶ 31} The judgment is affirmed.
Anne L. Kilbane, J., Diane Karpinski, J., concurs in judgment only.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
[1] Although it is not necessary to satisfy the definition of "misdemeanor crime of violence," it should be noted that appellant, like in Majka, was convicted of assaulting his ex-wife who still lived with him.