JOURNAL ENTRY AND OPINION *Page 2 
{¶ 1} This case is before the court on the parties' cross-appeals from a common pleas court judgment awarding damages to plaintiffs-appellants on their claim for conversion, but alternatively allowing the defendants to satisfy this judgment by return of the property involved. Plaintiffs-appellants, Richard A. Marthaller, Chrismar Food Arts, LLC, and Chrisvanna, LLC (collectively, "Marthaller"), challenge the judgment to the extent that it allows the defendants to satisfy the damages award by replevin of the converted property. Marthaller also complains that the court erred by finding there was insufficient evidence to identify or value some allegedly converted property. Defendants-cross-appellants, Nicholas and Giovanna Kustala and Giovanna's, Inc. (collectively, "Kustala"), contend that the court erred by awarding money damages without evidence of the value of the property and without evidence that Marthaller demanded the return of the converted property.
 {¶ 2} We find the trial court did not err when it awarded Marthaller money damages for a sign and patio chairs but allowed Kustala to satisfy this judgment by returning the property involved. The trial court also correctly found that Marthaller had not sufficiently identified other property which Kustala allegedly converted. However, the trial court did err by awarding Marthaller money damages for the conversion of a point-of-sale computer system *Page 3 
because there was no evidence that Kustala acted inconsistently with Marthaller's rights. Kustala acknowledged that he had the computer system and that it belonged to Marthaller, so the court could still order Kustala to return the system to Marthaller. Therefore, we affirm in part, reverse in part, modify in part and remand for the entry of judgment.
 {¶ 3} In a complaint filed January 30, 2006, Marthaller complained that Kustala had removed personal property from the premises of a restaurant business owned by Marthaller and operated by Kustala from July 2004 until January 13, 2006. Among other things, [1] Marthaller sought the return of the property and/or money damages for the value of the property. Other claims in the complaint were dismissed, with prejudice, immediately before trial. Kustala answered and counterclaimed for an accounting, breach of the duty of good faith and fair dealing, breach of fiduciary duties, and breach of contract. These claims were dismissed without prejudice before trial. Thus, the sole claim before the court at trial was Marthaller's claim for conversion.
 {¶ 4} At the conclusion of the trial, the court entered a "verdict" granting judgment for Marthaller in the amount of $36,240.00, representing the value of a point-of-sale ("POS") computer system, an electric sign, and forty black resin *Page 4 
patio chairs. The court stated that Kustala could satisfy this judgment by promptly returning these specific items to Marthaller. Finally, the court found that Marthaller failed to present evidence to identify and value the other property he claimed Kustala had converted. Both parties now appeal from this judgment.
 {¶ 5} Marthaller first argues that the court erred by granting Kustala the option of either paying money damages or returning the property. He contends that his replevin claim for the return of the property was dismissed and his only remaining claim was a claim for money damages for conversion.
 {¶ 6} "It is the content of the pleading, as opposed to the form of the pleading, which is relevant." Greenwood Auto, Inc. v. Olszak (July 5, 1996), Trumbull App. No. 95-T-5361. Although the title to Marthaller's second cause of action described it as a claim for conversion, the relief requested for that claim was "return of the Property and/or * * * money damages * * *." This is the claim that was tried by the court. The court did grant Marthaller the relief he requested when it awarded money damages but allowed Kustala to satisfy the judgment with the return of the property. Therefore, we overrule the first assignment of error.
 {¶ 7} Second, Marthaller urges that the court erred when it did not award him damages for the conversion of other property on the ground that he had not *Page 5 
presented evidence sufficient to identify or value the property. The evidence showed that the parties entered into an equipment lease pursuant to which Kustala leased "all of the Lessor's fixtures and equipment located at [the premises], including, but not limited to, the items listed on Exhibit A attached hereto and any replacements thereof." Exhibit A was an inventory of the property in the restaurant before the tenant prior to Kustala took possession of the restaurant. Marthaller testified that he reviewed this list before the Kustalas moved in and all of the items were still on the premises. Marthaller also testified that he prepared a list of items missing from the restaurant after Kustala moved out by comparing the old inventory with an inventory he took after Kustala left. He valued the missing items by requesting a quote from Dean's Supply. Marthaller maintains that this list, introduced as Exhibit 4 at trial, adequately identifies and values the property which Kustala converted to his own use.
 {¶ 8} Marthaller's comparison of the two inventories did not accurately identify the property Kustala may have removed from the premises. Much of the inventory was subject to breakage and was not necessarily replaced.[2] Other items (such as wrought iron gates, a stainless steel prep table, a ladder, and flatware) were listed *Page 6 
on the inventory of missing items but were not on the original inventory. Kustala denied that some of this property was on the premises when he moved in. He also asserted that he brought some of this property in himself. The fact that an item was missing when Kustala moved out did not mean that Kustala converted it. Therefore, the court did not err by finding that, except for the POS computer, the sign and the chairs, Marthaller did not identify the property Kustala removed from the premises.
 {¶ 9} In his cross-assignments of error, Kustala claims that the court erred by awarding Marthaller damages for conversion of the POS computer system because there was no evidence that Marthaller had demanded that Kustala return the computer and there was no evidence of the computer's value.
 {¶ 10} The evidence in the record showed that Kustala delivered the computer to a technician for repair while Kustala was operating the restaurant. The technician still had possession of the computer when this action was filed. Although he got the computer back from the technician approximately one month before trial, Kustala acknowledged that the computer belonged to Marthaller and was prepared to return it to Marthaller.
 {¶ 11} Where property can be returned, and the defendant has not acted in a manner inconsistent with the plaintiff's ownership rights, the appropriate remedy is replevin, not conversion. Long v. Noah's Ark,Inc., 158 Ohio App.3d 206, 2004-Ohio-4155, ¶ 60-61; see also Bernad v.City of Lakewood (2000), 140 Ohio App.3d 350, 354-55. Conversion involves an intentional exercise of dominion or control over *Page 7 
property in a manner which seriously interferes with another person's rights to dominion and control. Restatement of the Law 2d, Torts, § 222A. We agree with Kustala that his delivery of the computer to the technician did not interfere with Marthaller's ownership rights. The reason the computer could not be returned to Marthaller was because it did not work, not because Kustala withheld it. There is no evidence that Kustala acted in a manner inconsistent with plaintiff's ownership interest, so the court should not have awarded Marthaller damages for conversion of the POS computer system. Accordingly, the judgment should be modified to exclude the award of money damages for the computer. This holding moots Kustala's second assignment of error, that there was insufficient evidence for the court to value the POS computer system.
 {¶ 12} Accordingly, we reverse the trial court's judgment to the extent that the court awarded Marthaller $35,000 in damages for conversion of the POS computer system and modify the judgment to order Kustala to return the POS computer system to plaintiff. However, we affirm the judgment to the extent it awarded Marthaller $600 for the electric sign and $640 for the patio chairs, and the alternative that this judgment may be satisfied by the prompt return of the property to Marthaller. We remand with instructions for the trial court to enter a modified judgment not inconsistent with this opinion.
Reversed in part, affirmed in part, modified and remanded.
It is ordered that appellees recover from appellants costs herein taxed. *Page 8 
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
ANTHONY O. CALABRESE, JR., P.J., and ANN DYKE, J., CONCUR
[1] Other claims asserted in the complaint included replevin, fraud, breach of contract, breach of duty of good faith and fair dealing, breach of fiduciary duty, an accounting, and injunctive relief.
[2] For example, Kustala testified that crystal glassware had broken and was not replaced. *Page 1