[Cite as *Terry v. Ohio*, 2017-Ohio-7805.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

CLERMONT COUNTY

GEORGE TERRY,                                    :

    Petitioner-Appellant,              :                CASE NO.  CA2016-11-078

                                              :                O P I N I O N
    - vs -                                                            9/25/2017

                                              :

STATE OF OHIO,                              :

    Respondent-Appellee.            :

CIVIL APPEAL FROM CLERMONT COUNTY COURT OF COMMON PLEAS
Case No. 2015 MISC 0039

Joshua R. Crousey, One East Main Street, Amelia, Ohio 45102, for petitioner-appellant

D. Vincent Faris, Clermont County Prosecuting Attorney, Nicholas Horton, 76 South Riverside Drive, 2nd Floor, Batavia, Ohio 45103, for respondent-appellee

**PIPER, J.**

{¶ 1}  Petitioner-appellant, George Terry, appeals a decision of the Clermont County Court of Common Pleas denying his request for relief from a firearm restriction.

{¶ 2}  Terry was convicted of domestic violence, a first-degree misdemeanor, in the Clermont County Municipal Court.  As a result of his conviction, Terry was restricted from obtaining a permit to carry concealed weapons.  Terry then filed a petition for relief from the restriction, and the trial court permitted the parties to brief and argue the issue of whether

Terry's restriction was subject to possible relief. The trial court determined that Terry was not subject to a disability for which relief could be sought. Terry now appeals the trial court's decision, raising the following assignment of error.

{¶ 3} THE TRIAL COURT ERRED BY LIMITING APPLICATION OF R.C. 2923.14 TO REINSTATE ONLY THOSE FIREARM RIGHTS TAKEN BY R.C. 2923.13 WHERE NO SUCH LIMITATION OF R.C. 2923.14 EXISTS.

{¶ 4} Terry argues in his single assignment of error that the trial court improperly denied his petition for relief because the trial court incorrectly construed statutory authority.

{¶ 5} According to R.C. 2923.125(D)(1)(s), a person convicted of domestic violence in violation of R.C. 2919.25 is ineligible to obtain a permit to carry concealed weapons. The record is undisputed that Terry was convicted of domestic violence for violating R.C. 2919.25. Thus, he may not obtain a permit to carry concealed weapons pursuant to R.C. 2923.125(D)(1)(s).[1]

{¶ 6} Terry petitioned the court to grant relief from the restriction set forth in R.C. 2923.125(D)(1)(s), and relied upon R.C. 2923.14 to seek such relief. R.C. 2923.14 provides, "* * * any person who is prohibited from acquiring, having, carrying, or using firearms may apply to the court of common pleas in the county in which the person resides for relief from such prohibition." However, the record here is clear that Terry cannot avail himself of the possible relief proscribed in R.C. 2923.14 because he is not under a weapons disability.

{¶ 7} R.C. 2923.13, Ohio's weapons disability statute, does not generally prohibit one convicted of a misdemeanor from owning or possessing a firearm. That is true even if the person has been convicted of domestic violence. Given that Terry was convicted of a

_____

1. The trial court also analyzed Terry's request pursuant to federal law. However, Terry does not argue that the trial court's application of federal law was improper. Thus, this appeal will only address Terry's argument that the trial court erred in applying Ohio law.

- 2 -

misdemeanor charge of domestic violence, he is not under a disability or prohibited from owning or possessing a firearm. Despite Terry's argument that being prohibited from carrying a concealed gun is also a prohibition on his right to carry a firearm, the only thing R.C. 2923.125(D)(1)(s) prescribes is that Terry may not acquire a license to *conceal* any firearms he owns or possesses. The statute in no way eliminates Terry's right to carry a weapon; he just may not conceal said weapon.

{¶ 8} In Ohio, the right to bear arms is fundamental. Even so, the right to bear arms is subject to limitation. *Klein v. Leis*, 99 Ohio St.3d 537, 539, 2003-Ohio-4779. The Ohio Supreme Court has noted that the Legislature may regulate "the carrying of firearms and enactments for that purpose are valid and constitutional." *State v. Hogan*, 63 Ohio St. 202 (1900), syllabus. The Ohio Legislature chose to regulate the carrying of firearms in different ways by promulgating R.C. 2923.13 to prohibit certain convicted persons from owning or possessing firearms, and R.C. 2923.125 to regulate the way in which a concealed carry *license* may be obtained. Being guaranteed a license to carry weapons in a certain way is not a fundamental right, and the denial of a license to conceal a weapon does not implicate the fundamental right to possess, own, obtain, or bear arms.

{¶ 9} Ohio's statutes on being unable to possess a firearm and being unable to conceal a firearm are different, and the inability to obtain a concealed carry permit because of R.C. 2923.125(D)(1)(s) does not equate to a disability under R.C. 2923.13. As such, the trial court did not err by finding that Terry was not able to request relief through reliance on R.C. 2923.14 because that statute is specific to defendants for whom a disability attaches to his or her conviction. No such disability attached to Terry's misdemeanor conviction, and he may carry and possess firearms without the aid of relief from the court. As such, R.C. 2923.14 is inapplicable to Terry.

{¶ 10} This is especially true where R.C. 2923.125 does not provide any process for

- 3 -

relieving one convicted of domestic violence from the restriction set forth in R.C. 2923.125(D)(1)(s). Stated another way, one convicted of domestic violence who is ineligible to receive a concealed carry permit has no means to seek relief from that restriction. Therefore, and unlike the possible means of relief provided in R.C. 2923.14, the Ohio Legislature did not provide a mechanism for allowing those convicted of domestic violence from obtaining a concealed carry permit. We believe the legislature had ample reason to promulgate a statute to keep those who have been convicted of domestic violence from *concealing* a firearm, and we find no absurdity in the interplay between R.C. 2923.14 and R.C. 2923.125.

{¶ 11} We agree with the Eleventh District Court of Appeal's discussion of a similar issue in *In re Wells*, 11th Dist. Lake No. 2014-L-040, 2015-Ohio-2606. Therein, the court determined the "plain language of R.C. 2923.14 limits the relief procedures to individuals who are precluded from acquiring, having, carrying, or using firearms due to a conviction that imposes a statutory disability." *Id.* at ¶ 16. The court then reasoned that R.C. 2923.14 mimics the language of R.C. 2923.13, with both statutes discussing firearm *disabilities*, so "that the scope of the procedures outlined in R.C. 2923.14 apply only to those persons entitled to seek relief from a disability imposed by one of the statutory factors set forth under R.C. 2923.13(A)(1)-(5)." *Id.* Terry does not deny that his domestic violence conviction is not one that subjects him to the weapons *disability* imposed by R.C. 2923.13. As such, the procedures pursuant to R.C. 2923.14 are inapplicable to his conviction and he cannot seek relief under that statutory provision.

{¶ 12} R.C. 2923.125 sets forth the process for acquiring a concealed carry permit in Ohio. That statute specifically provides that no person convicted of domestic violence may obtain the permit. No vehicle for relief from the statutory provision exists, and R.C. 2923.14 is inapplicable because the trial court could not relieve a person of a weapons disability when

such disability has never been imposed.  As such, Terry's sole assignment of error is overruled.

{¶ 13}   Judgment affirmed.


S. POWELL, P.J., and M. POWELL, J., concur.