[Cite as *Runions v. Burchett*, 2018-Ohio-2754.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CLARK COUNTY**

| | | |
|---|---|---|
| WILLIAM R. RUNIONS | : | |
| | : | |
| Plaintiff-Appellant | : | Appellate Case No. 2017-CA-62 |
| | : | |
| v. | : | Trial Court Case No. 16-CV-701 |
| | : | |
| SHERIFF DEBORAH K. BURCHETT, | : | (Civil Appeal from |
| in her capacity as Sheriff of | : | Common Pleas Court) |
| Clark County | : | |
| | : | |
| Defendant-Appellee | : | |

. . . . . . . . . . .

# O P I N I O N

Rendered on the 13th day of July, 2018.

. . . . . . . . . .

STEPHEN D. BEHNKE, Atty. Reg. No. 0072805, 865 S. Dixie Drive, Vandalia, Ohio 45377
 Attorney for Plaintiff-Appellant

ANDREW PICKERING, Atty. Reg. No. 0068770, 50 E. Columbia Street, Suite 449, Springfield, Ohio 45502
 Attorney for Defendant-Appellee

. . . . . . . . . . . .

DONOVAN, J.

{¶ 1} Appellant William R. Runions appeals a judgment of the Clark County Court of Common Pleas that upheld a decision of appellee Clark County Sheriff's Office (the "Sheriff") denying Runions's application for a concealed carry license (CCL). Runions filed a timely notice of appeal with this Court on June 29, 2017.

{¶ 2} In the early 1980s, Runions was convicted of three felonies, to wit: breaking and entering (1981); receiving stolen property (1981); and uttering a forged check (1984). After completing his sentences for these convictions, Runions has maintained a law-abiding lifestyle and committed no further crimes. Over 30 years later, on August 9, 2016, Governor of Ohio John R. Kasich granted Runions a full and unconditional pardon for all three felonies.

{¶ 3} Shortly thereafter on September 6, 2016, Runions applied for a CCL with the Sheriff. Runions attached a copy of his pardon to the CCL application. Basing his decision on Runions's three felony convictions, the Sheriff denied his application for a CCL.

{¶ 4} On October 21, 2016, Runions, through counsel, filed an administrative appeal of the Sheriff's decision in the Clark County Court of Common Pleas. On February 21, 2017, Runions filed a brief in support of his administrative appeal. The Sheriff filed her brief in opposition to Runions's administrative appeal on March 10, 2017, and Runions filed a reply brief on March 20, 2017. Thereafter on March 30, 2017, the trial court filed a brief entry overruling Runions's administrative appeal, finding that his three felony convictions render him ineligible for a CCL.

{¶ 5} It is from this decision that Runions now appeals.

**Standard of Review**

{¶ 6} Pursuant to R.C. 2923.125(D)(2)(b), a decision of a county sheriff to deny an application for a concealed carry license is appealable under R.C. 119.12 to the common pleas court. R.C. 119.12 provides the standard of review for the common pleas court:

> The court may affirm the order of the agency complained of in the appeal if it finds, upon consideration of the entire record and any additional evidence the court has admitted, that the order is supported by reliable, probative, and substantial evidence and is in accordance with law. In the absence of this finding, it may reverse, vacate, or modify the order or make such other ruling as is supported by reliable, probative, and substantial evidence and is in accordance with law.

{¶ 7} As discussed by the Supreme Court of Ohio in *Bartchy v. State Bd. of Edn.*, 120 Ohio St.3d 205, 2008–Ohio–4826, 897 N.E.2d 1096, ¶ 37, a review by the common pleas court of an administrative agency's decision requires a factual inquiry and a legal inquiry. Both the common pleas court and the appellate court must give deference to the agency's resolution of any evidentiary conflicts, and factual findings are presumed to be correct, absent an abuse of discretion. *Id.* However, questions of law must be reviewed de novo to determine whether the administrative order is in accordance with law. *Anguiano v. Ohio Dept. of Edn.*, 2d Dist. Darke No. 2014–CA–2, 2014–Ohio–2810, ¶ 6, citing *Bartchy* at ¶ 43. The case before us requires a determination whether the trial court properly interpreted and applied the statutory qualifications for obtaining a concealed carry license. "The interpretation of a statute involves a purely legal question.

Thus, we conduct a de novo review of a trial court's judgment interpreting a statute and afford no deference to the trial court's interpretation of a statute." *Salgado v. Montgomery Cty. Sheriff*, 2d Dist. Montgomery Nos. 26502, 26572, 2015-Ohio-3387, ¶ 9, citing *Washington Cty. Home v. Ohio Dept. of Health*, 178 Ohio App.3d 78, 2008–Ohio–4342, 896 N.E.2d 1011, ¶ 27 (4th Dist.).

**{¶ 8}** Runions's sole assignment of error is as follows:

THE LOWER COURT ERRED BY UPHOLDING THE SHERIFF'S DENIAL OF MR. RUNIONS' C[C]L BECAUSE HIS CONVICTIONS WERE PARDONED BY THE GOVERNOR OF THE STATE OF OHIO.

**{¶ 9}** In his sole assignment, Runions contends that the trial court erred when it upheld the Sherriff's decision denying his application for a CCL because he had received a pardon for his felony convictions. Specifically, Runions argues that an unconditional pardon relieves a CCL applicant from a disability by operation of law pursuant to R.C. 2923.125(D)(4). Therefore, Runions argues that since he was relieved from the disability when he was pardoned, the Sheriff could not use his felony convictions as a basis upon which to deny his CCL application.

### Effect of a Full Pardon

**{¶ 10}** In *State v. Boykin*, 138 Ohio St.3d 97, 2013-Ohio-4582, 4 N.E.3d 980, the Ohio Supreme Court stated the following:

The term "pardon" is not defined or further explained in the Constitution. *Sterling v. Drake*, 29 Ohio St. 457, 460 (1876). We have stated that "[a] full and absolute pardon releases the offender from the entire

punishment prescribed for his offense, and from all the disabilities consequent on his conviction." *State ex rel. Atty. Gen. v. Peters*, 43 Ohio St. 629, 650, 4 N.E. 81 (1885). Similarly, the General Assembly defines "pardon" as "the remission of penalty by the governor in accordance with the power vested in the governor by the constitution." R.C. 2967.01(B). R.C. 2967.04(B) further provides that "[a]n unconditional pardon relieves the person to whom it is granted of all disabilities arising out of the conviction or convictions from which it is granted."

*Id.* at ¶ 20.

{¶ 11} Nevertheless, the Ohio Supreme Court has also held that "a pardon provides only forgiveness, not forgetfulness; *[t]he pardon does not wipe the slate clean*. (Emphasis added; citations omitted.) *State v. Radcliff*, 142 Ohio St.3d 78, 2015-Ohio-235, 28 N.E.3d 69, ¶ 36.

{¶ 12} Along the same vein as the *Radcliff* court, the U.S. Supreme Court has discussed the effect of a pardon. *See Angle v. Chicago, St. Paul, Minneapolis & Omaha Ry. Co.*, 151 U.S. 1, 19, 14 S.Ct. 240, 38 L.Ed. 55 (1894) (although an executive pardon relieves the wrongdoer from public punishment, it does not relieve the wrongdoer from civil liability); *Burdick v. United States*, 236 U.S. 79, 94, 35 S.Ct. 267, 59 L.Ed. 476 (1915) (a pardon "carries an imputation of guilt; acceptance a confession of it"); *Carlesi v. New York*, 233 U.S. 51, 59, 34 S.Ct. 576, 58 L.Ed. 843 (1914) (in sentencing a defendant as a habitual offender, a court may consider "past offenses committed by the accused as a circumstance of aggravation, even although for such past offenses there had been a pardon granted"); *Nixon v. United States*, 506 U.S. 224, 232, 113 S.Ct. 732, 122 L.Ed.2d

1 (1993) (the granting of a pardon is in no sense an overturning of a judgment of conviction by some other tribunal; it is [a]n executive action that mitigates or sets aside punishment for a crime).

**The Statutory Scheme for Obtaining a CCL**

{¶ 13} The process of obtaining a concealed carry license is outlined in R.C. 2923.125. Residents of Ohio can submit a completed application form to the sheriff of the county in which the applicant resides or an adjacent county. R.C. 2923.125(B). The sheriff must provide the application form and a pamphlet created by the Ohio Attorney General. R.C. 2923.125(A). The applicant must attach a color photo, competency certifications, and an application fee. R.C. 2923.125(B). Upon receipt of a completed form, the sheriff is directed to complete a criminal background check, and if all requirements are met, the sheriff must issue a license within forty-five days. R.C. 2923.125(D). The applicant must be at least 21 years old, must not be a fugitive from justice, must not be under indictment or charged with any felony or certain other offenses, must not have been adjudicated as mentally incompetent, must not be the subject of a civil protection order, must not be an unlawful user of any controlled substances, must not have been dishonorably discharged from the armed services, must not have renounced U.S. citizenship, and must not have been adjudicated a delinquent child for committing specified offenses. *Id.*

{¶ 14} R.C. 2923.125(D)(1)(e) states that a sheriff shall issue an individual a CCL if "the applicant *has not* been convicted of or pleaded guilty to a felony ***." (Emphasis added.) Therefore, if an applicant has been convicted of a felony, he or she is generally ineligible for a CCL, and the sheriff must deny the application. However, pursuant to

R.C. 2923.125(D)(4), there are two exceptions for when an applicant has been convicted of a felony, to wit:

> (4) If an applicant has been convicted of or pleaded guilty to an offense identified in division (D)(1)(e), (f), or (h) of this section or has been adjudicated a delinquent child for committing an act or violation identified in any of those divisions, and if a court has ordered the sealing or expungement of the records of that conviction, guilty plea, or adjudication pursuant to sections 2151.355 to 2151.358, sections 2953.31 to 2953.36, or section 2953.37 of the Revised Code or the applicant has been relieved under operation of law or legal process from the disability imposed pursuant to section 2923.13 of the Revised Code relative to that conviction, guilty plea, or adjudication, the sheriff with whom the application was submitted shall not consider the conviction, guilty plea, or adjudication in making a determination under division (D)(1) or (F) of this section * * *.

*Id.* The first instance where a sheriff "shall not consider" an applicant's felony conviction is when the conviction has been sealed or expunged pursuant to R.C. 2953.31 through 2953.36, and 2953.37. The other situation where a sheriff must disregard a felony conviction occurs when an applicant for a CCL has been relieved from the disability to possess or carry a firearm pursuant to R.C. 2923.13.

> {¶ 15} R.C. 2923.13 states in pertinent part:

> (A) Unless relieved from disability under operation of law or legal process, no person shall knowingly acquire, have, carry, or use any firearm or dangerous ordnance, if any of the following apply:

\* \* \*

(2) The person is under indictment for or has been convicted of any felony

offense of violence \* \* \*.

### A Pardon Does Not Relieve a Disability by Operation of Law

{¶ 16} The interpretation of a statute is a question of law which we review de novo. *State v. Vanzandt*, 142 Ohio St.3d 223, 28 N.E.3d 1267, 2015–Ohio–236, ¶ 6. The Supreme Court of Ohio has explained that:

When analyzing statutory provisions, our paramount concern is to ascertain and give effect to the intention of the General Assembly. *Henry v. Cent. Natl. Bank*, 16 Ohio St.2d 16, 242 N.E.2d 342 (1968), paragraph two of the syllabus. We primarily seek to determine legislative intent from the plain language of a statute. *Summerville v. Forest Park*, 128 Ohio St.3d 221, 2010–Ohio–6280, 943 N.E.2d 522, ¶ 18. "If the meaning of the statute is unambiguous and definite, it must be applied as written and no further interpretation is necessary." *State ex rel. Savarese v. Buckeye Local School Dist. Bd. of Edn.*, 74 Ohio St.3d 543, 545, 660 N.E.2d 463 (1996). An unambiguous statute must be applied by giving effect to all of its language, without adding or deleting any words chosen by the General Assembly. *Armstrong v. John R. Jurgensen Co.*, 136 Ohio St.3d 58, 2013–Ohio–2237, 990 N.E.2d 568, ¶ 12.

*Id.* at ¶ 7.

{¶ 17} Runions argues that based upon the last antecedent rule, the phrase "under

operation of law" is not tied to the later phrase "pursuant to section 2923.13" in R.C. 2923.125(D)(4). Rather, Runions contends that within the "relief from disability" category of the felony exceptions contained in R.C. 2923.125(D)(4), there are two subcategories of exceptions that will further serve to exclude a felony conviction from consideration when applying for a CCL, to wit: 1) under operation of law; and 2) relief pursuant to R.C. 2923.13. This rule of construction states, " '[R]eferential and qualifying words and phrases, where no contrary intention appears, refer solely to the last antecedent * * *.' " *Indep. Ins. Agents of Ohio v. Fabe*, 63 Ohio St.3d 310, 314, 587 N.E.2d 814 (1992), quoting *Carter v. Youngstown*, 146 Ohio St. 203, 209, 65 N.E.2d 63 (1946).

{¶ 18} Here, Runions points out that the phrase "legal process" stands between the phrase "under operation of law" and the phrase "pursuant to section 2923.13." Therefore, Runions argues that based upon the last antecedent rule, the phrase "operation of law" is to be read separately, while the phrase "legal process" is qualified by the phrase "pursuant to section 2923.13." Based upon his interpretation of R.C. 2923.125(D)(4), Runions argues that an unconditional pardon relieves an applicant from a disability by operation of law. We disagree.

{¶ 19} In support of his argument, Runions cites the Ohio Supreme Court case of *Fabe*. *Fabe*, however, was a declaratory judgment seeking an interpretation of R.C. 3905.01(B) and 3905.04. *Id.* at syllabus. Utilizing the last antecedent rule, the court stated the following:

> * * * [Appellants'] suggested construction would alter the plain and unambiguous language of R.C. 3905.04. The phrase "directly or indirectly" modifies its antecedent, "solicit, place or effect such insurance." The

statute restricts the indirect placement of insurance on property for which the applicant is an agent, custodian, vendor, bailee, trustee or payee. * * * [Appellants] would apply the words "directly or indirectly," which appear in the middle of the paragraph, to the list of relationships appearing at the end of the paragraph. Thus, under * * * [appellants'] construction, the statute would restrict the placement of insurance on property for which the applicant is directly or indirectly an agent, custodian etc. Such a construction is not in accord with the plain wording of the statute. The phrase "directly or indirectly" cannot be moved from one place in a sentence to another as part of statutory construction.

{¶ 20} In our view, the last antecedent rule has no applicability in the instant case. Rather, we are guided by the general rule of statutory construction expressio unius est exclusio alterius, the expression of one or more items of a class implies that those not identified are to be excluded. *State v. Droste*, 83 Ohio St.3d 36, 39, 697 N.E.2d 620 (1998). It is well recognized that a court cannot read words into a statute but must give effect to the words used in the statute. *See State ex rel. McDulin v. Indus. Comm.*, 89 Ohio St.3d 390, 392, 732 N.E.2d 367 (2000).

{¶ 21} As previously stated, R.C. 2923.125(D)(4) sets forth two instances where a sheriff "shall not consider" a CCL applicant's felony conviction, to wit: 1) when the conviction has been sealed; and 2) when the disability preventing the individual from carrying a weapon has been removed "under operation of law or legal process * * * pursuant to section 2923.13 of the Revised Code." Mirroring the language in R.C. 2923.125(D)(4), R.C. 2923.13 states in pertinent part "*[u]nless relieved from disability*

*under operation of law or legal process*, no person shall knowingly acquire, have, carry, or use any firearm or dangerous ordnance * * *." (Emphasis added.) Given its plain meaning, R.C. 2923.13(A) permits relief from disability by "operation of law" and/or "legal process." Similarly, in R.C. 2923.125(D)(4), the phrase "pursuant to section 2923.13" clearly acts as a qualifier for both "legal process" and "under operation of law." To interpret R.C. 2923.125(D)(4) in the manner in which Runions suggests would effectively add language to the statute which has not been included. Rather, a pardon is an executive action which does not render Runions qualified for a CCL. Simply put, the pardon did not erase all consequences of his convictions, and a pardon is not one of the exceptions explicitly denominated in R.C. 2923.125(D)(4). The pardon did not act to relieve Runions from a disability by operation of law or legal process pursuant to the relevant statutory language in R.C. 2923.13(A).

## A Pardon Cannot Act to Remove a Disability
## That Does Not Exist Under R.C. 2923.13

{¶ 22} As previously stated, while an unconditional pardon acts to remove all "disabilities," "a pardon provides only forgiveness, not forgetfulness; * * * The pardon does not wipe the slate clean." *Radcliff*, 142 Ohio St.3d 78, 2015-Ohio-235, 28 N.E.3d 69, ¶ 36. Nevertheless, one situation where a pardon may require a sheriff to disregard a felony conviction is when the applicant has been relieved under operation of law or legal process from the disability imposed pursuant to R.C. 2923.13. R.C. 2923.125(D)(4). Stated another way, if the felony conviction for which the CCL applicant was pardoned was a conviction which made it illegal for the applicant to possess or carry a weapon under R.C.

2923.13, the pardon could have the effect of removing the "disability" imposed by virtue of the felony conviction. The felony conviction, however, must be one that actually creates a "disability."

{¶ 23} R.C. 2923.13(A)(1-5) provides a limited definition of "disability" and prohibits a person from knowingly acquiring, having, carrying, or using any firearm or dangerous ordnance unless that person has been relieved from the disability as provided by R.C. 2923.14. Of the five factors listed, the only one pertinent to the instant case is R.C. 2923.13(A)(2), which states that "[t]he person * * * has been convicted of any felony offense of violence * * *.

{¶ 24} "Offense of violence" is defined in R.C. 2901.01(A)(9) as any of the following:

(a) A violation of section 2903.01, 2903.02, 2903.03, 2903.04, 2903.11, 2903.12, 2903.13, 2903.15, 2903.21, 2903.211, 2903.22, 2905.01, 2905.02, 2905.11, 2905.32, 2907.02, 2907.03, 2907.05, 2909.02, 2909.03, 2909.24, 2911.01, 2911.02, 2911.11, 2917.01, 2917.02, 2917.03, 2917.31, 2919.25, 2921.03, 2921.04, 2921.34, or 2923.161, of division (A)(1) of section 2903.34, of division (A)(1), (2), or (3) of section 2911.12, or of division (B)(1), (2), (3), or (4) of section 2919.22 of the Revised Code or felonious sexual penetration in violation of former section 2907.12 of the Revised Code;

(b) A violation of an existing or former municipal ordinance or law of this or any other state or the United States, substantially equivalent to any section, division, or offense listed in division (A)(9)(a) of this section;

(c) An offense, other than a traffic offense, under an existing or former municipal ordinance or law of this or any other state or the United States, committed purposely or knowingly, and involving physical harm to persons or a risk of serious physical harm to persons;

(d) A conspiracy or attempt to commit, or complicity in committing, any offense under division (A)(9)(a), (b), or (c) of this section.

{¶ 25} As previously stated, the felonies of which Runions was convicted, and later pardoned, are as follows: 1) breaking and entering, in violation of R.C. 2911.13; 2) receiving stolen property, in violation of R.C. 2913.51; and uttering a forged check, in violation of R.C. 2913.31. Although all of the offenses committed by Runions are felonies, none of them are "offenses of violence" pursuant to R.C. 2901.01(A)(9). Additionally, we note that Runions's felony convictions are not from another state, they are not "substantially equivalent" to any of the offenses listed in subsection (a) of R.C. 2901.01(A)(9), nor do any of the convictions "involve[e] physical harm to persons or a risk of serious physical harm to persons." R.C. 2901.01(A)(9)(a)-(c). Finally, since R.C. 2901.01(A)(9)(a)-(c) are not applicable to Runions's convictions, subsection (d), regarding a conspiracy, attempt, or complicity to commit any of the listed offenses is also equally inapplicable.

{¶ 26} Since Runions was not convicted of a felony "offense of violence" pursuant to R.C. 2923.13(A)(2), none of his convictions caused him to be placed under disability to carry or possess a firearm pursuant to R.C. 2923.13. It follows then that because Runions was not under disability, there is no disability to remove. Thus, the pardon did not relieve Runions "under operation of law or legal process from the disability imposed

pursuant to section 2923.13 of the Revised Code." R.C. 2923.125(D)(4). Therefore, the sheriff was required to consider Runions's prior felony convictions in determining his eligibility for a CCL.

{¶ 27} In *In re Wells*, 11th Dist. Lake No. 2014–L–040, 2015–Ohio–2606, the appellant sought relief of a disability imposed under R.C. 2923.13 because of his conviction for possession of criminal tools, but the court observed that this particular conviction did not create a disability under the statute. Therefore, the appellant could not be granted relief and would remain ineligible for a concealed weapon permit.

{¶ 28} The court found that the "plain language of R.C. 2923.14 limits the relief procedures to individuals who are precluded from acquiring, having, carrying, or using firearms due to a conviction that imposes a statutory disability." *Id.* at ¶ 16. The court then reasoned that R.C. 2923.14 mimics the language of R.C. 2923.13, with both statutes discussing firearm disabilities, so "that the scope of the procedures outlined in R.C. 2923.14 apply only to those persons entitled to seek relief from a disability imposed by one of the statutory factors set forth under R.C. 2923.13(A)(1)–(5)." *Id.* The *Wells* court also referred to appellant's inability to obtain a CCL as a "collateral consequence" of his felony conviction for possession of criminal tools. The court noted that because the appellant was not convicted of an offense which created a disability pursuant to R.C. 2923.13, he was free to "acquire, have, use, or otherwise carry a firearm," but he nevertheless remained ineligible for a CCL. The *Wells* court stated as follows:

> Appellant's position appears to be, in part, premised upon his assumption that the ability to apply for and obtain a conceal-and-carry license is, or should be, viewed as tantamount to the more general privilege

of acquiring, having, using or otherwise carrying a firearm. We decline to conflate these privileges.

*Id.* at ¶ 19.

**{¶ 29}** Conversely, Runions relies on two case from the Third District Court of Appeals, *In re Reed*, 3d Dist. Marion 9-14-44, 2015-Ohio-2742, and *In re Application of Mullins*, 3d Dist. Marion 9-14-43, 2015-Ohio-2743. In *Reed*, the appellant had two prior felonies for breaking and entering and welfare theft. In *Mullins*, the appellant had prior convictions for misdemeanor drug offenses. In both cases, the trial court granted the appellants' applications for a CCL, relying upon R.C. 2923.14(F), which states as follows:

(F) Relief from disability granted pursuant to this section restores the applicant to all civil firearm rights to the full extent enjoyed by any citizen * * *.

**{¶ 30}** Using virtually the same language and reasoning in both *Reed* and *Mullins*, the court of appeals stated the following:

R.C. 2923.14 is unambiguous, and thus, we must give effect to its plain meaning. See *Slingluff v. Weaver*, 66 Ohio St. 621 (1902), paragraph two of the syllabus. Here, Reed is prohibited from carrying a firearm that is concealed. R.C. 2923.14 is quite clear that "[a]ny person who is prohibited from * * * carrying * * * firearms" may seek relief under the statute. Since R.C. 2923.14 provides relief for a person who cannot carry a concealed firearm, it is a mechanism available for Reed and those similarly situated.

*Reed* at ¶ 14.

{¶ 31} Upon review, we conclude that the appellate court's holding in *Reed* and *Mullins* completely ignores the language of R.C. 2923.125(D)(4) that only allows a sheriff to disregard convictions if "the applicant has been relieved under operation of law or legal process *from the disability imposed by section 2923.13 of the Revised Code.*" (Emphasis added.) Ohio's statutes on being unable to possess a firearm and being unable to conceal a firearm are different, and the inability to obtain a CCL because of R.C. 2923.125(D)(4) does not equate to a disability under R.C. 2923.13. As such, Runions was not able to request relief through reliance on R.C. 2923.14, because that statute is specific to defendants for whom a disability attaches to his or her conviction. No such disability attached to Runions's felony convictions, and he may carry and possess firearms without the aid of relief from the court. Therefore, the procedures pursuant to R.C. 2923.14 are inapplicable to Runions's felony convictions, and he cannot seek relief under that statutory provision. *See Terry v. State*, 12th Dist. Clermont No. CA2016–11–078, 2017-Ohio-7805. Therefore, *Reed* and *Mullins* are inapplicable to the instant case.

{¶ 32} As previously stated, Runions was not convicted of a felony "offense of violence" pursuant to R.C. 2923.13(A)(2). Therefore, none of Runions's convictions caused him to be placed under disability to carry or possess a firearm pursuant to R.C. 2923.13. Because Runions was not under disability, there is no disability to remove. Accordingly, the pardon did not relieve Runions "under operation of law or legal process from the disability imposed pursuant to section 2923.13 of the Revised Code." R.C. 2923.125(D)(4). Therefore, the sheriff was required to consider Runions's felony convictions in determining his eligibility for a CCL.

{¶ 33} In Ohio, although the right to bear arms is fundamental, it is also subject to limitation. *Klein v. Leis*, 99 Ohio St.3d 537, 539, 2003–Ohio–4779, 795 N.E.2d 633. Furthermore, "[i]t is the province of the legislature to regulate the carrying of firearms and enactments for that purpose are valid and constitutional." *State v. Hogan*, 63 Ohio St. 202 (1900). "The legislature's decision to limit or restrict the ability of a convicted felon to obtain a conceal-and-carry license is a matter of policy, the constitutionality of which is not at issue." *Wells*, 11th Dist. Lake No. 2014-L-040, 2015-Ohio-2606, at ¶ 18.

{¶ 34} Since Runions's felony convictions did not create a firearm disability, he may acquire, have, use, or otherwise carry a firearm. Nevertheless, Runions is still ineligible for a CCL. Pursuant to R.C. 2923.125(D)(4), the sheriff could not disregard Runions's felony convictions despite the fact he was pardoned. In order for a sheriff to disregard pardoned convictions for the purpose of granting a CCL application, a legislative amendment is required. Until the legislature decides to amend R.C. 2923.125(D)(4), a sheriff cannot ignore pardoned felony convictions that do not impose a firearm disability pursuant to R.C. 2923.13.

{¶ 35} Runions's sole assignment of error is overruled.

{¶ 36} The judgment of the trial court is affirmed.

. . . . . . . . . . . . .

WELBAUM, P.J., and TUCKER, J., concur.


Copies mailed to:

Andrew Pickering
Stephen Behnke
Hon. Douglas M. Rastatter