[Cite as *In re Gill*, 2019-Ohio-4798.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CLARK COUNTY**

IN RE NICHOLAS W. GILL

:
:
:     Appellate Case No. 2019-CA-44
:
:     Trial Court Case No. 2017-SP-05
:
:     (Civil Appeal from
:     Common Pleas Court)
:
:
:

. . . . . . . . . . .

O P I N I O N

Rendered on the 22nd day of November, 2019.

. . . . . . . . . . .

JOHN M. LINTZ, Atty. Reg. No. 0097715, Assistant Prosecuting Attorney, Clark County Prosecutor's Office, 50 East Columbia Street, Suite 449, Springfield, Ohio 45502
    Attorney for Appellee

STEPHEN D. BEHNKE, Atty. Reg. No. 0072805, 865 South Dixie Drive, Vandalia, Ohio 45377
    Attorney for Appellant

. . . . . . . . . . . . .

DONOVAN, J.

{¶ 1} Appellant Nicholas W. Gill appeals a judgment of the Clark County Court of Common Pleas, which overruled his objections and adopted a decision of the magistrate denying Gill's petition for relief from a weapons disability allegedly incurred as a result of his 1994 conviction for receiving stolen property. Gill filed a timely notice of appeal with this Court on March 27, 2019.

{¶ 2} On January 20, 2017, Gill filed a petition for "relief from weapons disability" pursuant to R.C. 2923.14 in an effort to obtain a concealed carry license (CCL). On February 16, 2017, a magistrate held a hearing on Gill's petition. After post-hearing briefs were filed by both parties, the magistrate issued a decision on September 25, 2017, overruling Gill's petition. Thereafter, Gill filed objections to the magistrate's decision in the Clark County Court of Common Pleas on October 10, 2017. On May 9, 2019, the trial court issued a judgment overruling Gill's objections and adopting the decision of the magistrate.

{¶ 3} It is from this judgment that Gill now appeals.

{¶ 4} Gill's sole assignment of error is as follows:

THE LOWER COURT ERRED WHEN IT DETERMINED THAT AN INDIVIDUAL PROHIBITED PURSUANT TO R.C. 2923.125(D)(1)(e) FROM OBTAINING A CONCEALED HANDGUN LICENSE MAY NOT APPLY TO TERMINATE THAT PROHIBITION THROUGH R.C. 2923.14.

{¶ 5} In his assignment, Gill contends that the trial court erred when it adopted the magistrate's decision denying him relief from a weapons disability, which he asserted he had incurred as a result of his 1994 conviction for receiving stolen property.

{¶ 6} Pursuant to Civ.R. 53(D)(3)(b), a party who disagrees with a magistrate's proposed decision must file objections to said decision. Claims of trial court error must be based on the actions taken by the trial court itself, rather than the magistrate's findings or proposed decision. When reviewing objections to a magistrate's decision, the trial court is not required to follow or accept the findings or recommendations of its magistrate. *Breece v. Breece*, 2d Dist. Darke No. 99-CA-1491, 1999 WL 999759, *4 (Nov. 5, 1999); *Seagraves v. Seagraves*, 2d Dist. Montgomery Nos. 15047 and 15069, 1995 WL 559970, *4 (Aug. 25, 1995). In accordance with Civ.R. 53, the trial court must conduct an independent review of the facts and conclusions contained in the magistrate's report and enter its own judgment. *Dayton v. Whiting*, 110 Ohio App.3d 115, 118, 673 N.E.2d 671 (2d Dist.1996). Thus, the trial court's standard of review of a magistrate's decision is de novo.

{¶ 7} Appellate courts "generally review a trial court's adoption, denial or modification of a magistrate's decision for an abuse of discretion." *Brunetto v. Curtis*, 10th Dist. Franklin No. 10AP-799, 2011-Ohio-1610, ¶ 10. However, where the appeal from the trial court's action on a magistrate's decision presents only a question of law, the standard of review is de novo. *Id.* In the instant case, Gill argues that the trial court erred when it found that an individual prohibited pursuant to R.C. 2923.125(D) from obtaining a CCL may not apply to terminate that prohibition by utilizing R.C. 2923.14. Accordingly, we review the trial court's judgment de novo.

{¶ 8} R.C. 2923.13(A)(1-5) provides a limited definition of "disability" and prohibits a person from knowingly acquiring, having, carrying, or using any firearm or dangerous ordnance if any of five factors apply, unless that person has been relieved from the

disability as provided by R.C. 2923.14. Of the five factors listed, the only one pertinent to the instant case is R.C. 2923.13(A)(2), which states that "[t]he person * * * has been convicted of any felony offense of violence * * *.

{¶ 9} "Offense of violence" is defined in R.C. 2901.01(A)(9) as any of the following:

(a) A violation of section 2903.01, 2903.02, 2903.03, 2903.04, 2903.11, 2903.12, 2903.13, 2903.15, 2903.21, 2903.211, 2903.22, 2905.01, 2905.02, 2905.11, 2905.32, 2907.02, 2907.03, 2907.05, 2909.02, 2909.03, 2909.24, 2911.01, 2911.02, 2911.11, 2917.01, 2917.02, 2917.03, 2917.31, 2919.25, 2921.03, 2921.04, 2921.34, or 2923.161, of division (A)(1) of section 2903.34, of division (A)(1), (2), or (3) of section 2911.12, or of division (B)(1), (2), (3), or (4) of section 2919.22 of the Revised Code or felonious sexual penetration in violation of former section 2907.12 of the Revised Code;

(b) A violation of an existing or former municipal ordinance or law of this or any other state or the United States, substantially equivalent to any section, division, or offense listed in division (A)(9)(a) of this section;

(c) An offense, other than a traffic offense, under an existing or former municipal ordinance or law of this or any other state or the United States, committed purposely or knowingly, and involving physical harm to persons or a risk of serious physical harm to persons;

(d) A conspiracy or attempt to commit, or complicity in committing, any offense under division (A)(9)(a), (b), or (c) of this section.

{¶ 10} As previously stated, the felony for which Gill was convicted was receiving

stolen property, in violation of R.C. 2913.51. Although receiving stolen property is a felony, it is not an "offense of violence" pursuant to R.C. 2901.01(A)(9). *See Runions v. Burchett,* 2018-Ohio- 2754, 117 N.E.3d 66, ¶ 25 (2d Dist.). Additionally, we note that Gill's felony conviction was not from another state, it was not "substantially equivalent" to any of the offenses listed in subsection (a) of R.C. 2901.01(A)(9), and the conviction did not "involv[e] physical harm to persons or a risk of serious physical harm to persons." R.C. 2901.01(A)(9)(a)-(c). Finally, since R.C. 2901.01(A)(9)(a)-(c) was not applicable to Gill's conviction, subsection (d), regarding a conspiracy, attempt, or complicity to commit any of the listed offenses was also equally inapplicable. Therefore, since Gill was not convicted of a felony "offense of violence" pursuant to R.C. 2923.13(A)(2), his conviction did not cause him to be placed under disability to carry or possess a firearm pursuant to R.C. 2923.13.

{¶ 11} In *In re Wells*, 11th Dist. Lake No. 2014-L-040, 2015-Ohio-2606, the appellant sought relief of a disability imposed under R.C. 2923.13 because of his conviction for possession of criminal tools, but the court observed that this particular conviction did not create a disability under the statute. Therefore, the appellant could not be granted relief and would remain ineligible for a concealed weapon permit.

{¶ 12} The court found that the "plain language of R.C. 2923.14 limits the relief procedures to individuals who are precluded from acquiring, having, carrying, or using firearms due to a conviction that imposes a statutory disability." *Id.* at ¶ 16. The court then reasoned that R.C. 2923.14 mimics the language of R.C. 2923.13, with both statutes discussing firearm disabilities, so "that the scope of the procedures outlined in R.C. 2923.14 appl[ies] only to those persons entitled to seek relief from a disability imposed by

one of the statutory factors set forth under R.C. 2923.13(A)(1)-(5)." *Id.* The *Wells* court also referred to appellant's inability to obtain a CCL as a "collateral consequence" of his felony conviction for possession of criminal tools. The court noted that because the appellant was not convicted of an offense which created a disability pursuant to R.C. 2923.13, he was free to "acquire, have, use, or otherwise carry a firearm," but he nevertheless remained ineligible for a CCL. The *Wells* court stated as follows:

> Appellant's position appears to be, in part, premised upon his assumption that the ability to apply for and obtain a conceal-and-carry license is, or should be, viewed as tantamount to the more general privilege of acquiring, having, using or otherwise carrying a firearm. We decline to conflate these privileges.

*Id.* at ¶ 19.

{¶ 13} Conversely, Gill relies on two case from the Third District Court of Appeals, *In re Reed*, 3d Dist. Marion 9-14-44, 2015-Ohio-2742, and *In re Application of Mullins*, 3d Dist. Marion 9-14-43, 2015-Ohio-2743. In *Reed*, the appellant had prior felonies for breaking and entering and welfare theft. In *Mullins*, the appellant had prior convictions for misdemeanor drug offenses. In both cases, the trial court granted the appellants' applications for a CCL, relying upon R.C. 2923.14(F), which states as follows:

> (F) Relief from disability granted pursuant to this section restores the applicant to all civil firearm rights to the full extent enjoyed by any citizen * * *.

{¶ 14} Using virtually the same language and reasoning in both *Reed* and *Mullins*, the court of appeals stated the following:

R.C. 2923.14 is unambiguous, and thus, we must give effect to its plain meaning. *See Slingluff v. Weaver*, 66 Ohio St. 621 (1902), paragraph two of the syllabus. Here, Reed is prohibited from carrying a firearm that is concealed. R.C. 2923.14 is quite clear that "[a]ny person who is prohibited from * * * carrying * * * firearms" may seek relief under the statute. Since R.C. 2923.14 provides relief for a person who cannot carry a concealed firearm, it is a mechanism available for Reed and those similarly situated.

*Reed* at ¶ 14.

{¶ 15} As we recently stated in *Runions*, 2018-Ohio-2754, 117 N.E.3d 66:

[W]e conclude that the appellate court's holding in *Reed* and *Mullins* completely ignores the language of R.C. 2923.125(D)(4) that only allows a sheriff to disregard convictions if "the applicant has been relieved under operation of law or legal process *from the disability imposed by section 2923.13 of the Revised Code*." (Emphasis added.) Ohio's statutes on being unable to possess a firearm and being unable to conceal a firearm are different, and the inability to obtain a CCL because of R.C. 2923.125(D)(4) does not equate to a disability under R.C. 2923.13. As such, Runions was not able to request relief through reliance on R.C. 2923.14, because that statute is specific to defendants for whom a disability attaches to his or her conviction. No such disability attached to Runions' felony convictions, and he may carry and possess firearms without the aid of relief from the court. Therefore, the procedures pursuant to R.C. 2923.14 are inapplicable to Runions' felony convictions, and he cannot seek

relief under that statutory provision. *See Terry v. State*, 12th Dist. Clermont No. CA2016-11-078, 2017-Ohio-7805.

*Id.* at ¶ 31. *Reed* and *Mullins* are inapplicable to the instant case as they were in *Runions*.

**{¶ 16}** As previously stated, Gill was not convicted of a felony "offense of violence" pursuant to R.C. 2923.13(A)(2). Therefore, Gill's conviction did not cause him to be placed under disability to carry or possess a firearm pursuant to R.C. 2923.13. Because Gill was not under disability, there was no disability to remove. *Runions* at ¶ 32. His ineligibility for a CCL was rooted in different statutory provisions, unrelated to disabilities. Accordingly, the trial court did not err when it adopted the magistrate's decision denying Gill relief from a weapons disability allegedly incurred as a result of his 1994 conviction for receiving stolen property.

**{¶ 17}** In Ohio, although the right to bear arms is fundamental, it is also subject to limitation. *Klein v. Leis*, 99 Ohio St.3d 537, 539, 2003-Ohio-4779, 795 N.E.2d 633, ¶ 8. Furthermore, "[i]t is the province of the legislature to regulate the carrying of firearms and enactments for that purpose are valid and constitutional." *State v. Hogan*, 63 Ohio St. 202, 58 N.E. 572 (1900). "The legislature's decision to limit or restrict the ability of a convicted felon to obtain a conceal-and-carry license is a matter of policy, the constitutionality of which is not at issue." *Wells*, 11th Dist. Lake No. 2014-L-040, 2015-Ohio-2606, at ¶ 18.

**{¶ 18}** Gill's sole assignment of error is overruled.

**{¶ 19}** The judgment of the trial court will be affirmed.

. . . . . . . . . . . . .

WELBAUM, P.J. and HALL, J., concur.

Copies sent to:

John M. Lintz
Stephen D. Behnke
Hon. Richard J. O'Neill