DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, John D. Hendren, appeals from his conviction and sentence in the Summit County Court of Common Pleas for having weapons while under disability. We affirm.
 I. {¶ 2} On August 20, 2004, the Summit County Grand Jury indicted Mr. Hendren of seven counts of having weapons under disability, in violation of R.C. 2923.13(A)(3), third degree felonies; and one count of illegal cultivation of marijuana, in violation of R.C. 2925.04(A), a fifth degree felony. Mr. Hendren pled not guilty to the charges.
 {¶ 3} The matter proceeded to a bench trial, a jury trial being waived. The trial court found Mr. Hendren guilty of seven counts of having weapons under disability, but found him not guilty of cultivation of marijuana, and entered judgment on the conviction. The court sentenced Mr. Hendren accordingly.
 {¶ 4} Mr. Hendren timely appealed, asserting one assignment of error for review.
 II. Assignment of Error
"The trial court acted against the manifest weight of the evidence when it convicted the appellant of seven counts of having a weapon under a disability."
 {¶ 5} In his sole assignment of error, Mr. Hendren asserts that his conviction for having a weapon under disability is against the manifest weight of the evidence. We disagree.
 {¶ 6} When a defendant asserts that his conviction is against the manifest weight of the evidence,
"an appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered."State v. Otten (1986), 33 Ohio App.3d 339, 340. See, also, State v.Thompkins (1997), 78 Ohio St.3d 380, 387. This discretionary power should be invoked only in extraordinary circumstances when the evidence presented weighs heavily in favor of the defendant. Id.
 {¶ 7} In his argument in support of his assignment of error, Mr. Hendren argues only that his prior conviction was placed under seal by a court, and therefore essentially could not be used against him to convict him of the instant charge. Mr. Hendren invokes R.C. 2953.33, which governs the sealing of records. However, Mr. Hendren does not present any authority that provides that sealing of records under R.C. 2953.33 also applies to relieve a defendant of a disability imposed pursuant to R.C.2923.13. See, e.g., State v. Conwell (Apr. 12, 2000), 9th Dist. No. 19482, at *17, fn. 3.
 {¶ 8} Mr. Hendren was convicted of having weapons under disability under R.C. 2923.13(A)(3), which provides:
"Unless relieved from disability as provided in section 2923.14 of the Revised Code, no person shall knowingly acquire, have, carry, or use any firearm or dangerous ordnance, if * * * [t]he person is under indictment for or has been convicted of any offense involving the illegal possession, use, sale, administration, distribution, or trafficking in any drug of abuse or has been adjudicated a delinquent child for the commission of an offense that, if committed by an adult, would have been an offense involving the illegal possession, use, sale, administration, distribution, or trafficking in any drug of abuse."
Thus, a defendant seeking to be relieved of a disability must do so pursuant to the procedure set forth in R.C. 2923.14. This statute section provides that a defendant seeking to remove a disability is to apply to the court of common pleas in the county in which the defendant resides. R.C. 2923.14(A).
 {¶ 9} Mr. Hendren has failed to demonstrate that he followed this procedure. The only evidence Mr. Hendren presented was documentation reflecting that he was released from probation for that offense.
 {¶ 10} Based upon the foregoing, we cannot find that the trial court created a manifest miscarriage of justice when it convicted Mr. Hendren of having weapons under disability. See Otten, 33 Ohio App.3d at 340. Therefore, we find that Mr. Hendren's conviction for having weapons under a disability is not against the manifest weight of the evidence. Mr. Hendren's sole assignment of error is overruled.
 III. {¶ 11} Mr. Hendren's sole assignment of error is overruled. The judgment of the Summit County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Exceptions.
Whitmore, P.J. Moore, J. Concur.