**[Cite as *State v. T.J.D.*, 2020-Ohio-3745.]**

# IN THE COURT OF APPEALS OF OHIO
## SECOND APPELLATE DISTRICT
## MONTGOMERY COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 28592 |
| | : | |
| v. | : | Trial Court Case No. 2018-CR-3663 |
| | : | |
| T.J.D. | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

# O P I N I O N

Rendered on the 17th day of July, 2020.

. . . . . . . . . . .

MATHIAS H. HECK, JR., by HEATHER N. KETTER, Atty. Reg. No. 0084470, Assistant Prosecuting Attorney, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, 301 West Third Street, Dayton, Ohio 45422
  Attorney for Plaintiff-Appellee

W. RANDALL ROCK, Atty. Reg. No. 0023231, 10817 Yankee Street, Dayton, Ohio 45458
  Attorney for Defendant-Appellant

. . . . . . . . . . . . .

WELBAUM, J.

{¶ 1} Defendant-appellant, T.J.D., appeals from his conviction in the Montgomery County Court of Common Pleas after he pled no contest to one count of having weapons while under disability. In support of his appeal, T.J.D. contends that the trial court erred in overruling his motion to dismiss the indictment, because he was not under a weapons disability at the time law enforcement discovered several firearms in his residence. T.J.D. claims that the weapons disability at issue was relieved in 1994, when he had the conviction from which the disability arose sealed pursuant to R.C. 2953.32. Upon review, we agree with T.J.D.'s claim. Therefore, for the reasons outlined below, the judgment of the trial court will be reversed, and the matter will be remanded for further proceedings consistent with this opinion.

**Facts and Course of Proceedings**

{¶ 2} Over 30 years ago, on September 20, 1989, T.J.D. was convicted of felony drug abuse in violation of R.C. 2925.11. T.J.D. later moved the trial court to seal the record of his conviction pursuant to R.C. 2953.32(A)(1). The trial court granted T.J.D.'s motion and issued an order sealing the record of his conviction on October 14, 1994.

{¶ 3} On November 20, 2018, 24 years after T.J.D.'s felony drug conviction had been sealed, T.J.D. was indicted on one count of having weapons while under disability in violation of R.C. 2923.13(A)(3). The charge arose after police discovered several firearms in T.J.D.'s residence while investigating a domestic violence complaint. The indictment alleged that the weapons disability at issue stemmed from the 1989 felony drug conviction that had been sealed.

{¶ 4} Prior to the indictment, the trial court permitted the State to inspect T.J.D.'s

sealed record of conviction as permitted by R.C. 2953.32(D)(1). Following the State's inspection of the sealed record, the State determined that T.J.D.'s prior felony drug conviction placed him under a weapons disability that prohibited him from knowingly acquiring, having, carrying, or using any firearm. *See* R.C. 2923.13(A)(3). Given that the police discovered firearms inside T.J.D.'s residence while investigating a domestic violence complaint, the State brought the charge for having weapons while under disability in violation of R.C. 2923.13(A)(3).

{¶ 5} After being indicted, T.J.D. filed a motion to dismiss the indictment on the ground that he was not under a weapons disability at the time the firearms were discovered in his residence. In support of this claim, T.J.D. argued that the underlying weapons disability was relieved once he had the record of his felony drug conviction sealed in 1994. T.J.D. argued that without an underlying weapons disability, the charge for having weapons while under disability must be dismissed.

{¶ 6} The trial court took the matter under advisement and issued a decision overruling T.J.D.'s motion to dismiss. In reaching that decision, the trial court found that the proper procedure for relieving a weapons disability was the procedure set forth in R.C. 2923.14. Because T.J.D. did not avail himself of the procedure in R.C. 2923.14, but rather had the record of his felony conviction sealed, the trial court determined that T.J.D. had "failed to go through the proper procedure to be relieved of a disability imposed pursuant to R.C. 2923.13."

{¶ 7} Following the trial court's decision overruling his motion to dismiss, T.J.D. entered a plea of no contest to having weapons while under disability in violation of R.C. 2923.13(A)(3). The trial court accepted T.J.D.'s no contest plea and found him guilty as

charged. The trial court then sentenced T.J.D. to community control sanctions not to exceed five years.

{¶ 8} T.J.D. now appeals from his conviction, raising a single assignment of error for review.

**Assignment of Error**

{¶ 9} T.J.D. contends that the trial court erred in overruling his motion to dismiss the indictment charging him with having weapons while under disability. As noted above, T.J.D. claims that the indictment should have been dismissed because he was not under a weapons disability at the time police discovered the firearms in his residence. Although T.J.D. admits that he was under a weapons disability for a period of time due to his 1989 felony drug conviction, T.J.D. asserts that the disability was relieved in 1994, when he had the record of his felony drug conviction sealed pursuant to R.C. 2953.32.

{¶ 10} Although neither party discusses the effect of T.J.D.'s no contest plea, we note that the no contest plea permitted T.J.D. to appeal the trial court's ruling on his pretrial motion to dismiss the indictment because the motion raised a legal issue that was capable of determination without a trial, i.e., whether sealing a record of conviction relieves a weapons disability. *State v. Pointer*, 193 Ohio App.3d 674, 2011-Ohio-1419, 953 N.E.2d 853, ¶ 16-18 (2d Dist.); Crim.R. 12(C) and (I).

{¶ 11} That said, this court uses a de novo standard of review when reviewing a trial court's decision on a motion to dismiss an indictment. (Citation omitted.) *State v. Cassel*, 2016-Ohio-3479, 66 N.E.3d 318, ¶ 15 (2d Dist.). "De novo review requires an 'independent review of the trial court's decision without any deference to the trial court's

determination.' " *State v. Clay*, 2d Dist. Miami No. 2015-CA-17, 2016-Ohio-424, ¶ 5, quoting *Jackson v. Internatl. Fiber*, 169 Ohio App.3d 395, 2006-Ohio-5799, 863 N.E.2d 189, ¶ 17 (2d Dist.).

{¶ 12} Pursuant to R.C. 2923.13(A)(3):

Unless relieved from disability under operation of law or legal process, no person shall knowingly acquire, have, carry, or use any firearm or dangerous ordnance, if   * * * [t]he person is under indictment for or has been convicted of any felony offense involving the illegal possession, use, sale, administration, distribution, or trafficking in any drug of abuse[.]

{¶ 13} There is no dispute that T.J.D. was convicted of a felony drug offense that placed him under a weapons disability pursuant to R.C. 2923.13(A)(3).   The question raised in this appeal is whether that weapons disability was relieved when T.J.D. had the record of his felony drug conviction sealed in 1994.   Therefore, we shall begin our analysis with the relevant statues that govern the process of sealing a record of conviction, R.C. 2953.32 and R.C. 2953.33.

{¶ 14} Pursuant to R.C. 2953.32(C)(2), when a court seals a record of conviction, "[t]he proceedings in the case that pertain to the conviction * * * shall be considered not to have occurred[.]"   However, this does not mean that the record of conviction is obliterated.   *In re Niehaus*, 62 Ohio App.3d 89, 96, 574 N.E.2d 1104 (10th Dist.1989), citing *Pepper Pike v. Doe*, 66 Ohio St.2d 374, 378, 421 N.E.2d 1303 (1981).   Rather, sealing a record of conviction "sets up a legal fiction * * * that a convicted felon will be able to treat the conviction as though it had never happened even though the actual records still exist, albeit under a qualified seal."   *State ex rel. Gains v. Rossi*, 7th Dist.

Mahoning No. 98-CA-51, 1999 WL 148364, *4 (Mar. 9, 1999), *aff'd sub nom, State ex rel. Gains v. Rossi*, 86 Ohio St.3d 620, 716 N.E.2d 204 (1999).   Unlike expungement, which "results in deletion, making all case records 'permanently irretrievable,' R.C. 2953.37(A)(1)," sealing a record of conviction "simply provides a shield from the public's gaze."   *State v. Aguirre*, 144 Ohio St.3d 179, 2014-Ohio-4603, 41 N.E.3d 1178, fn. 2, citing R.C. 2953.32(D).

{¶ 15} Although shielded from the public, "[a] sealed conviction is not permanently irretrievable[.]"   *Gyugo v. Franklin Cty. Bd. of Dev. Disabilities*, 151 Ohio St.3d 1, 2017-Ohio-6953, 84 N.E.3d 1021, ¶ 15.   Pursuant to R.C. 2953.32(D), certain individuals and agencies may inspect sealed records for specific purposes listed under the statute.   For example, inspection of sealed records may be made "[b]y a law enforcement officer or prosecutor, or the assistants of either, to determine whether the nature and character of the offense with which a person is to be charged would be affected by virtue of the person's previously having been convicted of a crime[.]"   R.C. 2953.32(D)(1).   The statute further provides that "[w]hen the nature and character of the offense with which a person is to be charged would be affected by the information, it may be used for the purpose of charging the person with an offense."   R.C. 2952.32(D).   Therefore, in accordance with R.C. 2953.32(D), the information concerning T.J.D.'s prior felony drug conviction was properly accessible to the State for purposes of determining whether T.J.D. could be charged with any offense.

{¶ 16} As to the general effect of sealing a record of conviction, R.C. 2953.33(A) provides that it "restores the person who is the subject of the order to all rights and privileges not otherwise restored by termination of the sentence or community control

sanction or by final release on parole or post-release control." Whether the language in R.C. 2953.33(A) applies to relieve a weapons disability was touched upon in *Bernad v. Lakewood*, 140 Ohio App.3d 350, 747 N.E.2d 838 (8th Dist.2000).

{¶ 17} In *Bernad*, a convicted felon filed a replevin complaint seeking the return of an antique firearm collection that he had voluntarily relinquished after being placed under a weapons disability that arose from his felony conviction. *Id.* at 351. Before filing his replevin complaint, the convicted felon had the record of his felony conviction sealed. *Id.* at 351-352. The court of appeals in *Bernad* determined that the convicted felon was "entitled to the [firearms] because at the time he filed his writ of replevin, he established that his legal disability had been removed." *Id.* at 354-355. Thus, the court essentially determined that the weapons disability was relieved once the felon had the record of his conviction sealed.

{¶ 18} In reaching this conclusion, the court in *Bernad* relied on the Supreme Court of Ohio's decision in *Rossi*, 86 Ohio St.3d 620, 716 N.E.2d 204. In *Rossi*, the Supreme Court applied R.C. 2953.33(A) and held that sealing the record of a felony conviction pursuant to R.C. 2953.32 removed an associated legal disability that arose from the conviction. The legal disability at issue in *Rossi* was codified in R.C. 2961.01. *Id.* at 621. That statute prohibits a convicted felon from being "an elector or juror, or to hold an office of honor, trust, or profit." *Id.;* R.C. 2961.01(A)(1). Based on the language found in R.C. 2953.33(A), the Supreme Court held that sealing the record of a felony conviction "restore[d] a person's competency to hold an office of honor, trust, or profit." *Id.* at 622.

{¶ 19} In contrast, the Ninth District Court of Appeals in *State v. Hendren*, 9th Dist.

Summit No. 22464, 2005-Ohio-2814, held that a weapons disability under R.C. 2923.13(A)(3) was not relieved by sealing the record of the conviction from which the disability arose. In so holding, the Ninth District relied on the language of former R.C. 2923.13(A)(3), which at the time indicated that a defendant seeking to be relieved of a weapons disability must do so pursuant to the procedure set forth in R.C. 2923.14. *Id.* at ¶ 8. Since the defendant in *Hendren* failed to avail himself of that procedure, the Ninth District determined that the weapons disability had not been relieved simply by the defendant having the record of his conviction sealed. *Id.* at ¶ 9-10.

{¶ 20} T.J.D. correctly points out that the language in R.C. 2923.13(A)(3) has been amended since the Ninth District's holding in *Hendren.* When *Hendren* was issued, R.C. 2923.13(A)(3) read as follows:

> Unless relieved from disability **as provided in section 2923.14 of the Revised Code**, no person shall knowingly acquire, have, carry, or use any firearm or dangerous ordnance, if * * * [t]he person is under indictment for or has been convicted of any offense involving the illegal possession, use, sale, administration, distribution, or trafficking in any drug of abuse[.]

(Emphasis added.)

{¶ 21} On March 23, 2015, the Ohio General Assembly enacted Am. Sub. H.B. 234, which amended R.C. 2923.13(A) to read: "Unless relieved from disability **under operation of law or legal process,** * * *." T.J.D. argues that by substituting the phrase "as provided in section 2923.14" with the broader phrase "under operation of law or legal process," the legislature indicated that the means by which one can obtain relief from a weapons disability is no longer limited to the procedure set forth in R.C. 2923.14. T.J.D.

therefore argues that sealing the record of a prior conviction is encompassed by the phrase "under operation of law or legal process."

{¶ 22} T.J.D.'s argument requires this court to interpret the language in R.C. 2923.13(A), specifically the phrase "unless relieved from disability under operation of law or legal process."   When interpreting a statute, "[i]f the statutory language is clear and unambiguous, we apply it as written, giving effect to its plain meaning."   *State v. Bryant*, 2020-Ohio-1041, __ N.E.3d __, ¶ 12, citing *In re Estate of Centorbi*, 129 Ohio St.3d 78, 2011-Ohio-2267, 950 N.E.2d 505, ¶ 14.   "Further interpretation is necessary only when the statutory language is ambiguous and subject to varying interpretations."   *Id.*, citing *State v. Chappell*, 127 Ohio St.3d 376, 2010-Ohio-5991, 939 N.E.2d 1234, ¶ 16.   "When a statute defines a criminal offense, we construe the statute strictly against the state and liberally in favor of the accused."   *Id.*, citing R.C. 2901.04(A).

{¶ 23} "Given its plain meaning, R.C. 2923.13(A) permits relief from disability by 'operation of law' and/or 'legal process.' "   *Runions v. Burchett*, 2018-Ohio-2754, 117 N.E.3d 66, ¶ 21 (2d Dist.).   R.C. 2923.13(C) provides that the phrase " 'under operation of law or legal process' shall not itself include mere completion, termination, or expiration of a sentence imposed as a result of a criminal conviction."   Although the statute provides no further guidance as to the meaning of the phrase, Black's Law Dictionary defines "operation of law" as "[t]he means by which a right or a liability is created for a party regardless of the party's actual intent."   Black's Law Dictionary (11th ed.2019). "Legal process" is defined as a "process validly issued."   *Id.*   The term "process" is defined as "[t]he proceedings in any action or prosecution."   *Id.*

{¶ 24} In light of the foregoing, we do not find that the phrase "unless relieved from

disability under operation of law or legal process" is ambiguous. Therefore, it is appropriate to apply the plain meaning of the phrase without delving into further legislative interpretation.[1] For purposes of this case, that means we must simply determine whether sealing a record of conviction under R.C. 2953.32 is an "operation of law or legal process" that relieves an associated weapons disability under R.C. 2923.13(A).

{¶ 25} This court's decision in *Runions* provides some guidance on that issue. In *Runions*, we addressed whether receiving a pardon for a felony conviction relieved an associated legal disability that prohibited a convicted felon from obtaining a concealed carry handgun license ("CCL"). *See* R.C. 2923.125(D)(1)(e).

{¶ 26} We started our analysis in *Runions* by noting that " ' "[a] full and absolute pardon releases the offender from the entire punishment prescribed for his offense, and from all the disabilities consequent on his conviction." ' " *Runions* at ¶ 10, quoting *State v. Boykin*, 138 Ohio St.3d 97, 2013-Ohio-4582, 4 N.E.3d 980, ¶ 20, quoting *State ex rel. Atty. Gen. v. Peters*, 43 Ohio St. 629, 650, 4 N.E. 81 (1885). However, we also

---

[1] In its brief, the State argues that R.C. 2923.13(A) must be interpreted using the in pari materia rule of statutory construction, meaning that R.C. 2923.13(A) must be read in a manner that gives proper force and effect to other statutes that relate to the same general subject matter. *See Bryant*, 2020-Ohio-1041, __ N.E.3d __, at ¶ 26. Specifically, the State refers to three other statutes, R.C. 2923.125(D)(4), R.C. 2923.128(C), and R.C. 2923.1213(B)(3), all of which were amended by Am. Sub. H.B. 234 to provide that relief from specified firearms disabilities may be "under operation of law or legal process," instead of only under R.C. 2923.14. However, because the phrase at issue in R.C. 2923.13(A) is unambiguous, it is unnecessary for this court to consider the language in those other three statutes. Even if the language in R.C. 2923.13(A) were ambiguous, R.C. 2901.04 requires this court to strictly construe the language in the statute against the State and to liberally construe it in favor of T.J.D. When liberally construing the statute in favor of T.J.D., it would be appropriate to construe the phrase "unless relieved from disability under operation of law or legal process" to encompass sealing the record of a felony drug conviction.

recognized that "while an unconditional pardon acts to remove all 'disabilities,' 'a pardon provides only forgiveness, not forgetfulness; * * * The pardon does not wipe the slate clean.' " *Id.* at ¶ 22, quoting *State v. Radcliff*, 142 Ohio St.3d 78, 2015-Ohio-235, 28 N.E.3d 69, ¶ 36. We further noted that "a pardon is in no sense an overturning of a judgment of conviction * * * it is [a]n executive action that mitigates or sets aside punishment for a crime." *Id.* at ¶ 12, citing *Nixon v. United States*, 506 U.S. 224, 232, 113 S.Ct. 732, 122 L.Ed.2d 1 (1993). *Accord Boykin* at ¶ 26.

{¶ 27} In determining whether a pardon relieved the CCL disability under R.C. 2923.125(D)(1)(e), we looked to division (D)(4) of that statute, which provides in relevant part:

> If an applicant has been convicted of or pleaded guilty to an offense identified in division (D)(1)(e), (f), or (h) of this section [i.e., any felony offense, a drug offense, a misdemeanor offense of violence, and a resisting arrest offense] * * *, and if a court has ordered the sealing or expungement of the records of that conviction * * * pursuant to * * * sections 2953.31 to 2953.36 * * * of the Revised Code or the applicant has been relieved under operation of law or legal process from the disability imposed pursuant to section 2923.13 of the Revised Code relative to that conviction, * * * the sheriff with whom the application was submitted shall not consider the conviction in making a determination under division (D)(1) or (F) of this section[.]

R.C. 2923.125(D)(4).

{¶ 28} This court explained that "R.C. 2923.125(D)(4) sets forth two instances

where a sheriff 'shall not consider' a CCL applicant's felony conviction, to wit: 1) when the conviction has been sealed; and 2) when the disability preventing the individual from carrying a weapon has been removed 'under operation of law or legal process * * * pursuant to section 2923.13 of the Revised Code.' " *Runions* at ¶ 21. Although the language in R.C. 2923.125(D)(4) suggests that sealing a record of conviction and having a weapons disability removed by "operation of law or legal process" are two distinct events, the language is not instructive for purposes of interpreting "operation of law or legal process" in R.C. 2923.13(A). This is because not all of the disabilities preventing one from obtaining a CCL under R.C. 2923.125(D) result in a weapons disability under R.C. 2923.13(A).

{¶ 29} For example, under R.C. 2923.125(D)(1)(f), a person convicted of a misdemeanor offense of violence cannot obtain a CCL. However, such a person would not be under a weapons disability under R.C. 2923.13(A), because the weapons disability in R.C. 2923.13(A) applies to felony convictions. *See Terry v. Ohio*, 12th Dist. Clermont No. CA2016-11-078, 2017-Ohio-7805, ¶ 7. Therefore, the fact that the language in R.C. 2923.125(D)(4) distinguishes sealing a record of conviction from having a disability under R.C. 2923.13(A) relieved by "operation of law or legal process" does not necessarily reflect that sealing a record of conviction is not an "operation of law or legal process" that relieves a weapons disability under R.C. 2923.13(A). The language in R.C. 2923.125(D)(4) simply reflects that not every conviction that prohibits one from obtaining a CCL has an associated weapons disability under R.C. 2923.13(A), and that in those instances, the CCL disabilities under R.C. 2923.125(D)(1)(f), (e), and (h) can be removed by sealing the relevant record of conviction.

{¶ 30} Turning back to our decision in *Runions*, because a pardon was not one of the exceptions "explicitly denominated in R.C. 2953.125(D)(4)," and because a pardon does not "erase all consequences" of a conviction, we held that "the pardon did not act to relieve Runions from a disability by operation of law or legal process pursuant to the relevant statutory language in R.C. 2923.13(A)." *Runions,* 2018-Ohio-2754, 117 N.E.3d 66, at ¶ 21. More specifically, we found that the pardon did not relieve Runions from a weapons disability under R.C. 2923.13(A) because none of Runions convictions caused him to be placed under such a disability. *Id.* at ¶ 32. Therefore, "there was no disability to remove[,]" and for that reason "the pardon did not relieve Runions 'under operation of law or legal process from the disability imposed pursuant to section 2923.13 of the Revised Code.' " *Id.*, quoting R.C. 2923.125(D)(4).

{¶ 31} As relevant to the present case, our decision in *Runions* indicated that under different circumstances, a pardon could possibly constitute an "operation of law or legal process" that relieves a weapons disability under R.C. 2923.13(A). Specifically, we stated the following:

> [O]ne situation where a pardon may require a sheriff to disregard a felony conviction is when the applicant has been relieved under operation of law or legal process from the disability imposed pursuant to R.C. 2923.13. R.C. 2923.125(D)(4). ***Stated another way, if the felony conviction for which the CCL applicant was pardoned was a conviction which made it illegal for the applicant to possess or carry a weapon under R.C. 2923.13, the pardon could have the effect of removing the "disability" imposed by virtue of the felony conviction.*** The felony conviction,

however, must be one that actually creates a "disability."

(Emphasis added.)   *Runions* at ¶ 22.[2]

{¶ 32} Like a pardon, sealing a record of conviction does not overturn the conviction.   *See Pepper Pike*, 66 Ohio St.2d at 378, 421 N.E.2d 1303; *In re Niehaus*, 62 Ohio App.3d at 96, 574 N.E.2d 1104; *Runions* at ¶ 12.   While sealing a record of conviction operates to shield the record from public view and a pardon grants relief from any ongoing punishment, under both scenarios the record of conviction is still maintained. *See Radcliff*, 142 Ohio St.3d 78, 2015-Ohio-235, 28 N.E.3d 69, at ¶ 31; *Boykin,* 138 Ohio St.3d 97, 2013-Ohio-4582, 4 N.E.3d 980, at ¶ 32; *Aguirre*, 144 Ohio St.3d 179, 2014-Ohio-4603, 41 N.E.3d 1178, at fn. 2.   Furthermore, a "pardon relieves the person to whom it is granted of all disabilities arising out of the conviction or convictions from which it is granted," R.C. 2967.04(B), while sealing a record of conviction similarly "restores the person who is the subject of the order to all rights and privileges not otherwise restored by termination of the sentence or community control sanction or by final release on parole or post-release control."   R.C. 2953.33(A).

{¶ 33} Given the foregoing similarities, it is logical to conclude that sealing a record of conviction would, like a pardon, be considered an "operation of law or legal process"

---

[2]  We note that in *Boykin*, 138 Ohio St.3d 97, 2013-Ohio-4582, 4 N.E.3d 980, the Supreme Court of Ohio cited R.C. 2923.14 in support of the proposition that a pardon does not "automatically remove the recipient's disability with respect to firearms."   *Id.* at ¶ 34. *Boykin*, however, was issued prior to Am. Sub. H.B. 234 amending the language of R.C. 2923.13(A) to provide that a weapons disability can be removed not only by R.C. 2923.14, but more generally "under operation of law or legal process."   For that reason, the aforementioned statement in *Boykin* does not affect this court's more recent statement in *Runions* indicating that a that a pardon from a conviction with an associated weapons disability under R.C. 2923.13(A) is one instance where the weapons disability could be removed.

that relieves an associated weapons disability under R.C. 2923.13(A). *Runions*, along with the aforementioned holdings in *Bernad* and *Rossi*, all support this conclusion. This court's decision in *State v. Bolton*, 2017-Ohio-8903, 100 N.E.3d 1275 (2d Dist.), also suggests that sealing a record of conviction relieves an offender from a weapons disability. The defendant in *Bolton* was under a weapons disability pursuant to R.C. 2923.13(A)(2) and we stated that:

> To date, the record of Bolton's felony conviction has not been sealed and Bolton has not otherwise been relieved from the weapons disability by operation of law or legal process. As a result, Bolton is prohibited from knowingly acquiring, having, carrying, or using any firearm or dangerous ordnance.

*Id.* at ¶ 15

{¶ 34} The decision in *Hendren,* 9th Dist. Summit No. 22464, 2005-Ohio-2814, suggesting that the only way to relieve a weapons disability is through the procedure set forth in R.C. 2923.14 is inapplicable due to the legislature amending the language in R.C. 2923.13(A). As it stands, the relevant language in R.C. 2923.13(A)(3) provides that a weapons disability applies to those convicted of a felony drug offense "unless relieved from disability under operation of law or legal process." Based on the foregoing analysis, we conclude that sealing a record of conviction pursuant to R.C. 2953.32 is an "operation of law or legal process" that relieves a weapons disability imposed under R.C. 2923.13(A)(3). Therefore, when T.J.D. had the record of his felony drug conviction sealed in 1994, the weapons disability that arose from that conviction was relieved.

{¶ 35} Because T.J.D. was no longer under a weapons disability at the time the

firearms were discovered in his residence, the trial court erred in overruling the motion to dismiss the indictment charging him with having weapons while under disability. Accordingly, T.J.D.'s assignment of error is sustained.

### Conclusion

{¶ 36} Having sustained T.J.D.'s sole assignment of error, the judgment of the trial court is reversed, and the matter is remanded to the trial court for further proceedings consistent with this opinion.

. . . . . . . . . . . . .

FROELICH, J. and HALL, J., concur.

Copies sent to:

Mathias H. Heck, Jr.
Heather N. Ketter
Hon. Gerald Parker