[Cite as *State v. Geddes*, 2021-Ohio-4115.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

FAYETTE COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | CASE NO. CA2021-01-001 |
| Appellee, | : | O P I N I O N<br>11/22/2021 |
| | : | |
| - vs - | : | |
| | : | |
| CHARLES R. GEDDES, JR., | : | |
| Appellant. | : | |

CRIMINAL APPEAL FROM FAYETTE COUNTY COURT OF COMMON PLEAS
Case No. CRI 20200013

Jess C. Weade, Fayette County Prosecuting Attorney, and Sean M. Abbott, Assistant Prosecuting Attorney, for appellee.

Steven H. Eckstein, Fayette County Public Defender, for appellant.

**M. POWELL, P.J.**

{¶ 1} Appellant, Charles R. Geddes, Jr., appeals his conviction in the Fayette County Court of Common Pleas for having weapons while under disability.

{¶ 2} In January 2020, a parole officer in Fayette County received information that Geddes was in possession of firearms and other prohibited contraband while released on postrelease control. On January 8, 2020, a search of Geddes' residence was conducted

and an operable firearm was discovered in the home. After the search, the Fayette County Grand Jury indicted Geddes for having weapons while under disability in violation of R.C. 2923.13. The disability stemmed from Fayette County Court of Common Pleas Case No. CRI20110189, a case in which the court found by clear and convincing evidence that Geddes was a mentally ill person subject to hospitalization by court order. Geddes pled not guilty to the charge and the matter proceeded to a jury trial on January 13, 2021.

{¶ 3} During trial, the state presented testimony from a senior parole officer, Sergeants Andrew Parks and John Fausnaugh with the Fayette County Sheriff's Office, and the Fayette County Clerk of Court. The parole officer and Sergeant Parks testified regarding the search of Geddes' residence and the discovery of the firearm, as well as their discovery of ammunition, BB guns, a sword, and several bows and arrows in the residence. Sergeant Fausnaugh testified that he examined the firearm and determined that it was operable.

{¶ 4} The Clerk's testimony focused on Case No. CRI20110189, the case in which Geddes was adjudicated a mentally ill person subject to hospitalization by court order. The Clerk testified that her office is the record keeper for the Common Pleas Court, and that all filings and judgment entries go through her office. The Clerk then authenticated the judgment entry from Case No. CRI20110189 that designated Geddes a mentally ill person subject to hospitalization by court order. The judgment entry was admitted into evidence as State's Exhibit 1.

{¶ 5} On cross-examination, Geddes attempted to question the Clerk regarding other documents in the Case No. CRI20110189 case file. Specifically, Geddes sought to question the Clerk regarding a judgment entry from 2015, which allegedly "declared that [Geddes] was no longer a mentally ill person subject to hospitalization by the court and that his commitment had been terminated." Upon objection by the state, the trial court did not allow Geddes to cross-examine the Clerk regarding the 2015 judgment entry, subject to a

- 2 -

proffer of the document by the defense and review by the court. After the state's case-in-chief, and outside the presence of the jury, Geddes' counsel proffered a copy of the 2015 judgment entry into the record, and argued that, in light of the "determination letter," Geddes believed he was permitted to possess firearms and that he was not on notice that he remained under disability.

{¶ 6} After a discussion with counsel, the trial court concluded the 2015 judgment entry was not relevant. The court indicated that simply because Geddes was released from hospitalization did not automatically relieve him from his disability to possess a firearm. The court further stated that neither the court nor the jury had received any evidence establishing the disability had been relieved and that the 2015 judgment entry did not have any effect on his ability to possess firearms.

{¶ 7} The defense then rested without presenting any witnesses. The trial court instructed the jury regarding the charge, including an instruction that "[y]ou need not find that the defendant currently meets the definition of a mentally ill person but only at the time alleged he had previously been found to be a mentally ill person subject to court order."

{¶ 8} After deliberation, the jury found Geddes guilty of having weapons while under disability. The trial court then sentenced Geddes to 30 months in prison.

{¶ 9} Geddes now appeals, raising the following assignment of error for our review:

{¶ 10} DEFENDANT-APPELLANT WAS DEPRIVED OF DUE PROCESS OF LAW, THE RIGHT TO PRESENT EVIDENCE IN HIS DEFENSE, IN VIOLATION OF ARTICLE I, SECTION 16 AND ARTICLE I, SECTION 10 OF THE OHIO CONSTITUTION AND THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION.

{¶ 11} Geddes argues the trial court abused its discretion and denied him the constitutional right to present a complete defense in ruling that R.C. 2923.13 requires a disability be relieved by operation of R.C. 2923.14 and by excluding the 2015 judgment

- 3 -

entry showing that his status as a mentally ill person subject to hospitalization by court order had been terminated.

{¶ 12} We review a trial court's decision to admit or exclude evidence for an abuse of discretion. *State v. Grindstaff*, 12th Dist. Clermont No. CA2013-09-074, 2014-Ohio-2581, ¶ 21. "A reviewing court should not disturb evidentiary decisions in the absence of an abuse of discretion that has created material prejudice." *Id.*, citing *State v. Boles*, 12th Dist. Brown No. CA2012-06-012, 2013-Ohio-5202, ¶ 14. An abuse of discretion connotes more than an error of law or judgment; it implies that the trial court's decision was unreasonable, arbitrary, or unconscionable. *Id.*

{¶ 13} Generally, relevant evidence is admissible and irrelevant evidence is inadmissible. Evid.R. 402. Relevant evidence is defined as evidence "having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Evid.R. 401.

{¶ 14} A reviewing court may not override a trial court's determination that certain evidence is relevant or irrelevant simply because it disagrees with the trial court. *State v. Redwine*, 12th Dist. Brown No. CA2006-08-011, 2007-Ohio-6413, ¶ 16, citing *State v. Hancock*, 108 Ohio St.3d 57, 2006-Ohio-160, ¶ 129. "'The issue of whether testimony or evidence is relevant or irrelevant, confusing or misleading, is best decided by the trial judge, who is in a significantly better position to analyze the impact of the evidence on the jury.'" *Id.*, quoting *Renfro v. Black*, 52 Ohio St.3d 27, 31 (1990).

{¶ 15} Geddes was charged with having weapons while under disability in violation of R.C. 2923.13(A)(5). The statute states, in relevant part, that "[u]nless relieved from disability under operation of law or legal process, no person shall knowingly acquire, have, carry, or use any firearm or dangerous ordnance, if * * * the person * * * has been found by a court to be a mentally ill person subject to court order[.]"

- 4 -

{¶ 16} The statutory procedure for relief from disability is established by R.C. 2923.14(D), which provides that,

> the court may grant the applicant relief pursuant to this section, if all of the following apply:
>
> (1)(b) If the disability is based upon a factor other than an indictment, a conviction, or an adjudication, that factor no longer is applicable to the applicant[;]
>
> (2) The applicant has led a law-abiding life since discharge or release, and appears likely to continue to do so[;]
>
> (3) The applicant is not otherwise prohibited by law from acquiring, having, or using firearms.

{¶ 17} Here, there is no dispute that Geddes was adjudicated a mentally ill person subject to hospitalization by court order in 2012 and was subject to a weapons disability pursuant to R.C. 2923.13(A)(5) based upon that finding. The issue in this appeal is whether that weapons disability was relieved in 2015 when the trial court determined Geddes was no longer a mentally ill person subject to hospitalization by court order and terminated his commitment. Geddes argues that due to his release in 2015, he was relieved from disability "under operation of law or legal process" pursuant to R.C. 2923.13(A). Specifically, Geddes claims that the statute's use of the phrase "has been found" indicates that a person's status can be changed by subsequent legal action. Thus, Geddes argues the 2015 determination that he is not a mentally ill person subject to court order supersedes the 2012 entry adjudicating him as such and relieved him of any existing disability attached to that finding.

{¶ 18} After a review, we disagree with Geddes' interpretation of R.C. 2923.13. When interpreting a statute, "[i]f the statutory language is clear and unambiguous, we apply it as written, giving effect to its plain meaning." *State v. Bryant*, 160 Ohio St.3d 113, 2020-Ohio-1041, ¶ 12, citing *In re Estate of Centorbi*, 129 Ohio St.3d 78, 2011-Ohio-2267, ¶ 14. By the plain reading of the statute, the weapons disability within R.C. 2923.13(A)(5) arises

from a trial court's determination that a person is a mentally ill person subject to court order. The statute does not, as Geddes claims, limit the disability to the continuation of that status or lift the disability if that status terminates. Rather, the statute requires an individual, like Geddes, who has been found to be mentally ill subject to court order, to obtain relief via operation of law or legal process.

{¶ 19} Although Geddes claims the 2015 judgment entry eliminated his disability "by operation of law or legal process," the judgment entry does not state he was relieved from disability or that his prior adjudication was improper or unlawful in any way. Geddes has not directed this court to any authority to suggest that the termination of his status as a mentally ill person subject to court order constitutes relief from the weapons disability "under operation of law or legal process," nor has this court located any such authority after a review. Consequently, simply because Geddes was later determined not to be a mentally ill person subject to court order does not negate the fact that he previously "has been" adjudicated as such in accordance with R.C. 2923.13(A)(5).

{¶ 20} Accordingly, while we agree with Geddes that the plain meaning of R.C. 2923.13 permits relief from a weapons disability by means other than the procedure set forth in R.C. 2923.14, we decline to find that such means exist in the instant case. See *State v. T.J.D.*, 2d Dist. Montgomery No. 28592, 2020-Ohio-3745, ¶ 32-33 (indicating the act of sealing the record of a felony drug conviction or a pardon could be considered an "operation of law or legal process" that relieves a weapons disability imposed under R.C. 2923.13).

{¶ 21} The record also reflects that Geddes failed to avail himself of any potential relief pursuant to R.C. 2923.14. As noted above, R.C. 2923.14 provides a statutory scheme for requesting relief in instances where, such as here, the weapons disability is based upon a factor that is no longer applicable to the applicant. R.C. 2923.14(D)(1)(b). However, even

if the 2015 judgment entry was admissible, and Geddes could show that he is no longer a mentally ill person subject to court order, non-applicability is only one of the three elements Geddes was required to establish in order to be entitled to relief. *Id.* Specifically, Geddes was also required to demonstrate that he has led a law-abiding life since discharge or release and appears likely to continue to do so, and that he is not otherwise prohibited by law from acquiring, having, or using firearms. *Id.* As a result, we find that the termination of Geddes' status as a mentally ill person subject to hospitalization by court order, as reflected in the 2015 judgment entry, is not legally sufficient pursuant to R.C. 2923.13 or 2923.14 to relieve him from the weapons disability.

{¶ 22} Lastly, to the extent Geddes claims his due process rights were violated because he was not on notice of his disability to possess a firearm, and believed his disability was resolved in light of the 2015 judgment entry, the Ohio Supreme Court has rejected the argument that knowledge of a disability is a required element under R.C. 2923.13. *State v. Johnson*, 128 Ohio St.3d 107, 2010-Ohio-6301, ¶ 43 ("the offense of having weapons while under disability as defined by R.C. 2923.13" requires the state "to prove knowing possession but" need not "prove a culpable mental state").

{¶ 23} Considering our analysis above, we further find that the trial court did not abuse its discretion in finding the 2015 judgment entry was not relevant. As discussed above, the 2015 judgment entry merely establishes that Geddes' status as a mentally ill person subject to hospitalization by court order was terminated in 2015. Such evidence has no relevance to whether Geddes was adjudicated a mentally ill person subject to hospitalization by court order in 2012 and was prohibited from possessing a firearm on that basis. Additionally, because the subsequent termination of that status is not legally sufficient to relieve Geddes from the weapons disability pursuant to R.C. 2923.13 or 2923.14, the entry is also not relevant toward proving he was relieved from the weapons

disability. Therefore, because the evidence would not prove or disprove any fact of consequence in this case, the trial court did not abuse its discretion in concluding the judgment entry was not relevant.

{¶ 24} As such, we find the trial court did not err and Geddes was not deprived of due process when the court excluded the 2015 judgment entry and prohibited Geddes from questioning the Clerk regarding that entry. Finding no merit to Geddes' arguments, we overrule his assignment of error.

{¶ 25} Judgment affirmed.

S. POWELL and BYRNE, JJ., concur.